1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

| | |
|---|---|
| G. LOOMIS, INC., a Washington State corporation,<br><br>Plaintiff,<br><br>v.<br><br>GARY A. LOOMIS, an individual; NORTH FORK COMPOSITES LLC, a Washington State limited liability company; GLTPRO, LLC, a Washington State limited liability company; ANDREY VELIKANOV, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR:<br><br>(1) FALSE DESIGNATION OF ORIGIN, ETC. (VIOLATION OF LANHAM ACT, 15 U.S.C. § 1125(a));<br><br>(2) FEDERAL TRADEMARK INFRINGEMENT (VIOLATION OF LANHAM ACT, 15 U.S.C. § 1114);<br><br>(3) BREACH OF WRITTEN CONTRACT<br><br>(4) STATE INFRINGEMENT OF TRADE NAME (WASHINGTON COMMON LAW);<br><br>(5) WASHINGTON STATE CONSUMER PROTECTION ACTION VIOLATION BASED ON TRADE NAME INFRINGEMENT (RCW CH. 19.86); AND<br><br>(6) INDUCEMENT OF TRADEMARK INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**LANDSMAN & FLEMING LLP**
*1000 Second Avenue, Suite 3000*
*Seattle, Washington 98104*
*Telephone: (206) 624-7900   Facsimile: (206) 624-7903*

1

2                                **INTRODUCTION**

3          1.        Plaintiff G. Loomis, Inc. ("GLI" or "Plaintiff") owns the trademarks LOOMIS and G.

4     LOOMIS® (the "G. LOOMIS Marks"), the trademarks GL2®, GL3®, and GLX® (the "GL

5     Marks"), and the fish design trademark pictured below (the "Fish Design Mark"), each of which it

6     uses in connection with, *inter alia*, its fishing-related products and services.

7

8                          

9

10                              Fish Design Mark

11         2.        Over the past two years, in blatant disregard of Plaintiff's numerous requests and *two*

12    federal lawsuits, defendant Gary Loomis ("Gary Loomis), a former owner of Plaintiff, has engaged

13    in unrelenting infringement of Plaintiff's G. LOOMIS and GL Marks.

14         3.        Plaintiff first requested Gary Loomis cease his infringing conduct in September

15    2008.  Gary Loomis refused to cooperate and, as a result, Plaintiff was forced to initiate a lawsuit

16    against him and his affiliated companies in or about October 2008.

17         4.        In or around September 2009, the parties entered a settlement agreement (the

18    "Settlement Agreement", a true and copy of which is attached hereto as Exhibit A) resolving the

19    foregoing lawsuit.  A mere two months later, Gary Loomis violated the Settlement Agreement and

20    again began infringing Plaintiff's trademark rights.  Again, Gary Loomis refused to cooperate and

21    again Plaintiff was forced to file a lawsuit to enforce its rights.

22         5.        Now, scarcely more than six months later Gary Loomis is, yet again, infringing

23    Plaintiff's trademark rights and violating the Settlement Agreement.  Gary Loomis's continuing

24    disregard both for Plaintiff's trademark rights as well as his obligations under the Settlement

25    Agreement have forced Plaintiff to return to this Court - for the *third* time - to enforce its rights.

26

27

COMPLAINT - Page 2 of 16

1

2

3                          **JURISDICTION AND VENUE**

4        6.      Plaintiff brings this action for injunctive relief and damages for, *inter alia*, breach of

5    contract, federal trademark infringement, false designation of origin, false representation, false

6    endorsement, and violation of Washington State common law regarding trade name infringement.

7    This Court has subject matter jurisdiction over the federal question claims pursuant to 28 U.S.C. §§

8    1331 and 1338(a).  This Court has supplemental jurisdiction over the claims alleging violations of

9    state law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

10       7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).  Defendants Gary

11   Loomis, NFC, GLTPRO, and Velikanov each reside in this District and manufacture, import,

12   export, distribute, promote, market, sell, offer for sale, and/or advertise their goods and services

13   under the infringing marks in this District and to businesses and individuals in this District.

14   Accordingly, this District is where the infringement and other wrongful acts alleged herein

15   occurred.

16                               **THE PARTIES**

17       8.      Plaintiff is a Washington State corporation having its principal place of business at

18   1359 Downriver Drive, Woodland, Washington 98674.  Plaintiff is registered to and does conduct

19   business in the State of Washington.

20       9.      Plaintiff is informed and believes and, on that basis, alleges that defendant North

21   Fork Composites LLC ("NFC") is a Washington State limited liability company, having its place of

22   business at 2617 Northeast 434th Street, Woodland, Washington, 98674

23       10.     Plaintiff is informed and believes and, on that basis, alleges that Gary Loomis is an

24   individual having his principal place of residence at 2612 N.E. 434th Street, Woodland, Washington

25   98674.  Plaintiff is further informed and believes and, on that basis, alleges that Gary Loomis

26   founded NFC, and that he is an officer, director, or managing agent of NFC.

27

**LANDSMAN & FLEMING LLP**
*1000 Second Avenue, Suite 3000*
*Seattle, Washington 98104*
*Telephone: (206) 624-7900   Facsimile: (206) 624-7903*

11.     Plaintiff is informed and believes and, on that basis, alleges that defendant GLTPRO, LLC ("GLTPRO") is a Washington State limited liability company, having its place of business at 4427 N.W. 318th Street, Ridgefield, Washington 98642.

12.     Plaintiff is informed and believes and, on that basis, alleges that Andrey Velikanov ("Velikanov") is an individual having his principal place of residence at 4427 N.W. 318th Street, Ridgefield, Washington 98642.  Plaintiff is further informed and believes and, on that basis, alleges that Velikanov is an officer, director, or managing agent of GLTPRO.

13.     Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants Does 1 through 10, inclusive, or any of them, and therefore sues these defendants, and each of them, by such fictitious name.  Plaintiff will amend this Complaint when the identities of these defendants are ascertained.  Gary Loomis, NFC, GLTPRO, Velikanov, and Does 1 through 10, inclusive, shall collectively be referred to as "Defendants."

14.     Plaintiff is informed and believes, and on that basis alleges, that each defendant conspired and acted in concert with each other to commit the wrongs against Plaintiff alleged herein, and in doing so were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos and/or partners of each other.  Plaintiff is further informed and believes, and on that basis alleges, that in doing the things alleged in this Complaint, each defendant was acting within the scope of authority conferred upon that defendant by the consent, approval and/or ratification of the other defendants, whether said authority was actual or apparent.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15.     Plaintiff uses the G. LOOMIS Marks, the GL Marks, and the Fish Design Mark (collectively "Plaintiff's Marks") in connection with, *inter alia*, its fishing-related products and services.

16.     Plaintiff was founded in or around 1982.  In the ensuing years, Plaintiff and Plaintiff's Marks have became synonymous with high-end, high quality, innovative fishing equipment.  Plaintiff's fishing rods are made from proprietary combinations of resins and composite

COMPLAINT - Page 4 of 16

1    sheets. The employees that make the rods have an average of over 10 years experience working

2    with the company. Today, due to the high quality of Plaintiff's fishing rods, Plaintiff and Plaintiff's

3    Marks are especially well-known and are recognized through the world.

4        17.    Plaintiff sells products and services bearing Plaintiff's Marks at hundreds of outdoor

5    activity related retail shops and sporting goods stores throughout the United States, on the Internet,

6    and internationally, including in Asia, Europe, Latin America and the South Pacific.

7        18.    Plaintiff has diligently maintained Plaintiff's Marks and has spent considerable sums

8    to promote its products under the foregoing marks, spending thousands of dollars every year to

9    promote fishing equipment and related products and services bearing Plaintiff's Marks.

10       19.    Because of its use of Plaintiff's Marks, Plaintiff owns exclusive common law rights

11   to Plaintiff's Marks in connection with fishing equipment and related products and services.

12       20.    In addition, Plaintiff owns the following federal registrations:

13           a.    U.S. Reg. No. 1,637,672 for G. LOOMIS issued on March 12, 1991;

14           b.    U.S. Reg. No. 1,889,368 for GL2 issued on April 11, 1995;

15           c.    U.S. Reg. No. 1,890,617 for GLX issued on April 18, 1995;

16           d.    U.S. Reg. No. 2,534,036 for GL3 issued on January 29, 2002;

17           e.    U.S. Reg. No. 2,469,517 for the Fish Design Mark issued on July 17, 2001;

18   and

19           f.    U.S. Reg. No. 2,922,865 for the Fish Design Mark issued on February 1,

20   2005.

21       21.    Plaintiff has exclusively and continually used the foregoing marks in commerce for a

22   number of years. It has used the mark G. LOOMIS Marks since at least as early as 1982, the GL

23   Marks since at least as early as 1993, and the Fish Design Mark since at least as early as 1998.

24   Additionally, Plaintiff's registrations for each of the foregoing marks are incontestable.

25       22.    On information and belief, in disregard of Plaintiff's exclusive rights in Plaintiff's

26   Marks, Defendants, and each of them, are unlawfully exploiting Plaintiff's efforts by manufacturing,

27

LANDSMAN & FLEMING LLP
1000 Second Avenue, Suite 3000
Seattle, Washington 98104
Telephone: (206) 624-7900   Facsimile: (206) 624-7903

1    importing, exporting, distributing, promoting, fulfilling orders for, marketing, selling, offering for

2    sale, and/or advertising goods and/or services in connection with the confusingly similar trademarks

3    GARY LOOMIS and GLT, as well as an infringing fish design mark (collectively, the "Infringing

4    Marks"), all of which are confusingly similar to one or more of Plaintiff's Marks. Defendants'

5    infringing products include fishing rods and related accessories.

6        23.    On information and belief, Defendants are well aware of Plaintiff's rights in

7    Plaintiff's Marks. Among other things, Gary Loomis was an owner of Plaintiff until on or about

8    May 28, 1997, when he sold his entire interest in Plaintiff, including any and all interest in

9    Plaintiff's Marks. Following the sale, Gary Loomis continued to work with Plaintiff as an employee

10   until about May of 2008. Additionally, both Gary Loomis and NFC have previously been sued for

11   violating some of the precise trademarks at issue in this case.

12       24.    Prior to suing Gary Loomis the first time, Plaintiff repeatedly requested that he cease

13   his infringing conduct. Gary Loomis refused to cooperate. As a result, in or about October 2008,

14   Plaintiff sued Gary Loomis and his affiliated companies for, *inter alia*, infringing the G. LOOMIS

15   Marks. A copy of the second amended complaint (excluding exhibits), in that lawsuit is attached

16   hereto as Exhibit B.

17       25.    The foregoing lawsuit was settled in or around September 2009, when the parties

18   entered the Settlement Agreement. In the Settlement Agreement, Gary Loomis acknowledged the

19   validity and enforceability of Plaintiff's G. LOOMIS and GL Marks. Settlement Agreement at ¶

20   2(a)(iii). Pursuant to the Settlement Agreement, Gary Loomis agreed to:

21       a.    "permanently and forever cease and desist worldwide from . . . offering

22   services or making, selling, using, offering for sale . . . any sporting equipment product or service,

23   or any accessory related to sporting equipment product or service, . . . in connection with a mark,

24   corporate name, trade name, domain name or any other source indicia, the same as or confusingly

25   similar to the G. Loomis Mark [or] the 'Loomis' trade name . . . ." Settlement Agreement at ¶

26   2(a)(i);

27

COMPLAINT - Page 6 of 16

1         b.     refrain from "forming any business entities or organizations to avoid the

2 aforementioned restrictions . . . or assisting any third-parties in engaging in any conduct . . . that

3 would violate the aforementioned restrictions." Settlement Agreement at ¶ 2(a)(ii);

4         c.     only "use the name 'Gary Loomis' in such a way that consumers of the

5 goods/services marketed in . . . in connection with Gary Loomis' personal name clearly recognize

6 that such use is merely reflective or his personal name." Settlement Agreement at ¶ 3(a).

7      26.    Gary Loomis and his new company NFC began violating the Settlement Agreement

8 a mere two months after executing it by adopting a logo incorporating the stylized signature

9 "GARY LOOMIS" in connection with fishing-rod building services and a registry for approved rod

10 builders. Again, Plaintiff requested that Gary Loomis cease his infringing conduct. Again, Gary

11 Loomis refused to cooperate. As a result, Plaintiff again sued Gary Loomis, as well as his new

12 company NFC, for, *inter alia*, trademark infringement and breach of the Settlement Agreement. A

13 true and correct copy of the complaint (excluding exhibits) in the foregoing action is attached hereto

14 as Exhibit C. The foregoing dispute was resolved in or about January 2010 when Gary Loomis and

15 NFC ceased using the trademark at issue. Now, barely six months later, Gary Loomis and NFC, are

16 at it again. Gary Loomis and NFC, together with GLTPRO and Velikanov, are now offering fishing

17 equipment and related products bearing the Infringing Marks.

18      27.    Plaintiff is informed and believes, and on that basis alleges, that Defendants, by the

19 conduct alleged above, are willfully and intentionally misappropriating Plaintiff's rights with the

20 intent to profit therefrom. Not only does Defendants' conduct complained of herein violate

21 Plaintiff's rights in its G. LOOMIS Mark, it also constitutes a flagrant violation of the Settlement

22 Agreement.

23      28.    The natural, probable and foreseeable result of the wrongful conduct by Defendants

24 is to deprive Plaintiff of business and goodwill, to injure Plaintiff's reputation and to dilute the

25 distinctive quality of Plaintiff's Marks, thereby irreparably harming Plaintiff.

26

27

COMPLAINT - Page 7 of 16

1    29.    Plaintiff is informed and believes, and on that basis alleges, that it has lost or will

2    lose revenues, and has sustained or will sustain damages as a result of Defendants' wrongful

3    conduct. Plaintiff is further informed and believes, and on that basis alleges, that Defendants have

4    been unjustly enriched by their improper use of Plaintiff's Marks.

5    30.    Accordingly, Plaintiff brings this action to enforce its rights and to stop Defendants'

6    infringing conduct.

7                          **FIRST CLAIM FOR RELIEF**
                  **(Lanham Act - False Designation of Origin - 15 U.S.C. § 1125(a)**
8                              **as against all Defendants)**

9    31.    Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 30,

10   inclusive, as though set forth in full herein.

11   32.    By virtue of the widespread and longstanding distribution of goods under Plaintiff's

12   Marks, Plaintiff's Marks have come to identify the source of such goods and to distinguish those

13   goods from those of others. By virtue of the quality of the products distributed under Plaintiff's

14   Marks, the marks have come to identify the source of such goods as a supplier of high quality

15   fishing equipment and related products and services and Plaintiff has also established enormous

16   goodwill in Plaintiff's Marks.

17   33.    Defendants' manufacture, import, export, distribution, promotion, marketing, sale,

18   offer for sale, and/or advertisement of its fishing equipment and related products and services under

19   the Infringing Marks, and each of them, is a false designation of origin and false or misleading

20   representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to an

21   affiliation, connection, or association between Plaintiff and Defendants, and is likely to cause

22   confusion, mistake or deception as to the origin, sponsorship or approval of Defendants' products by

23   Plaintiff or, conversely, Plaintiff's products by Defendants.

24   34.    Plaintiff is informed and believes, and on that basis alleges, that Defendants intended

25   to, and did, confuse and mislead the public, and did represent and create the false impression that

26

27

**LANDSMAN & FLEMING LLP**
                                                        *1000 Second Avenue, Suite 3000*
                                                           *Seattle, Washington 98104*
                                          *Telephone: (206) 624-7900   Facsimile: (206) 624-7903*

1  Plaintiff authorized, originated, sponsored, approved, licensed or participated in Defendants' use of

2  a mark confusingly similar to Plaintiff's Marks in connection with Defendants' products.

3        35.     In fact, there is no connection or association or licensing relationship between

4  Plaintiff, on the one hand, and Defendants, on the other hand. Plaintiff has not authorized, licensed

5  or given permission to Defendants to use Plaintiff's Marks, or any mark confusingly similar thereto,

6  in any manner whatsoever, including, without limitation, Defendants' use of the Infringing Marks.

7        36.     Thus, Defendants have created and will continue to create a false impression

8  concerning an association between Plaintiff and Defendants, a false designation of the origin of

9  Defendants' goods, and confusion as to a connection between the respective parties.

10        37.     As a direct and proximate result of Defendants' creation of a false impression of

11  association between Plaintiff and Defendants, and Defendants' use of a false designation of origin

12  and false or misleading representation of fact in connection with Defendants' goods, Plaintiff has

13  been damaged and will continue to be damaged. Pursuant to 15 U.S.C. § 1116(a), Plaintiff is

14  entitled to an order enjoining Defendants from using Plaintiff's Marks, or any mark confusingly

15  similar thereto, including, without limitation, the Infringing Marks, or any of them, in connection

16  with manufacturing, importing, exporting, distributing, promoting, marketing, selling, offering for

17  sale, and/or advertising fishing equipment and/or related goods and/or services. Pursuant to 15

18  U.S.C. § 1117(a), Plaintiff is entitled to an order requiring Defendants to account to Plaintiff for any

19  and all profits derived by Defendants from their actions, and to an order awarding all damages

20  sustained by Plaintiff and caused by Defendants' conduct.

21        38.     Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct

22  alleged herein was intentional and in conscious disregard of Plaintiff's rights. Pursuant to 15 U.S.C.

23  § 1117(a), Plaintiff is entitled to an award of treble damages and/or enhanced profits against

24  Defendants.

25        39.     Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and

26  Plaintiffs are entitled to an award of attorney's fees and costs.

27                                    **SECOND CLAIM FOR RELIEF**

**LANDSMAN & FLEMING LLP**
*1000 Second Avenue, Suite 3000*
*Seattle, Washington 98104*
*Telephone: (206) 624-7900  Facsimile: (206) 624-7903*

**(Lanham Act - Federal Trademark Infringement 15 U.S.C. § 1114
as against all Defendants)**

40.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1-39 of this Complaint.

41.    Plaintiff's Marks are inherently distinctive and/or have acquired secondary meaning as the source of all goods manufactured, imported, exported, distributed, promoted, marketed, sold, offered for sale, and/or advertised in connection with Plaintiff's Marks.

42.    Plaintiff has not authorized, licensed, or given permission to Defendants to use Plaintiff's Marks, or any of them, in any manner whatsoever including, without limitation, on the infringing products being manufactured, imported, exported, distributed, promoted, marketed, sold, offered for sale, and/or advertised by Defendants in connection the Infringing Marks.

43.    Defendants' use of infringing versions of Plaintiff's Marks in connection with its manufacture, import, export, distribution, promotion, marketing, sale, offer for sale, and/or advertisement of Defendants' products and/or services sold under the Infringing Marks is likely to cause confusion, mistake or to deceive as to source, origin, affiliation, or sponsorship.

44.    Plaintiff lacks an adequate remedy at law.

45.    Unless an injunction is issued enjoining any continuing or future infringing use of Plaintiff's Marks by Defendants, including the Infringing Marks, such use is likely to continue to cause confusion, mistake, or to deceive as to source, origin, affiliation, or sponsorship, thereby irreparably damaging Plaintiff.

46.    As a direct and proximate result of Defendants' infringing conduct, Plaintiff has been damaged and will continue to be damaged.  Pursuant to 15 U.S.C. § 1116(a), Plaintiff is entitled to an order enjoining Defendants from using Plaintiff's Marks, or any mark confusingly similar thereto, including, without limitation, the Infringing Marks, or any of them, in connection with manufacturing, importing, exporting, distributing, promoting, fulfilling orders for, marketing, selling, offering for sale, and/or advertising fishing equipment and/or related goods and/or services. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an order requiring Defendants to account to

COMPLAINT - Page 10 of 16

1   Plaintiff for any and all profits derived by Defendants from their actions, and to an order awarding

2   all damages sustained by Plaintiff and caused by Defendants' conduct.

3       47.    Plaintiff is informed and believes, and on that basis alleges, that Defendants' conduct

4   alleged herein was intentional and in conscious disregard of Plaintiff's rights.  Pursuant to 15 U.S.C.

5   § 1117(a), Plaintiff is entitled to an award of treble damages and/or enhanced profits against

6   Defendants.

7       48.    Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and

8   Plaintiffs are entitled to an award of attorney's fees and costs.

9   **THIRD CLAIM FOR RELIEF**
**(Breach of Written Contract**
10   **as against Gary Loomis and NFC)**

11       49.    Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 48,

12   inclusive, as though set forth in full herein.

13       50.    As alleged above, Plaintiff and Gary Loomis entered into the Settlement Agreement.

14   The Settlement Agreement binds and applies to Gary Loomis, as well as all persons "in active

15   concert or participation with" him who have notice of the Settlement Agreement.  On information

16   and belief, Gary Loomis founded and is an officer, director, or managing agent, of NFC.  Thus,

17   NFC is in privity with Gary Loomis and acting in "active concert or participation" with Gary

18   Loomis.  Gary Loomis is an officer, director, or managing agent of NFC and had knowledge of the

19   Settlement Agreement, thus imparting knowledge of the Settlement Agreement and all restrictions

20   imposed on Gary Loomis and those acting with him thereunder.  Accordingly, NFC is also bound

21   by the Settlement Agreement.

22       51.    Plaintiff has performed all conditions, covenants, and promises required to be

23   performed on its part in accordance with the terms and conditions of the Settlement Agreement,

24   except to the extent that Defendants' breach has prevented such performance.

25       52.    Defendants breached the Agreement, without limitation, by reason of the following:

26

27

COMPLAINT - Page 11 of 16

1       a.    In breach of paragraph 2(a)(i) of the Settlement Agreement, Defendants have

2   been using the marks GARY LOOMIS and GLT, each of which are confusingly similar to the G.

3   LOOMIS Marks and the GL Marks, in connection with offering sporting equipment.

4       b.    In breach of paragraph 2(a)(ii) of the Settlement Agreement, Gary Loomis

5   has assisted a third party - defendant NFC - to use the marks GARY LOOMIS and GLT, in a

6   manner that violates paragraph 2(a)(i) of the Settlement Agreement.

7      53.    As a result of Defendants' breach of the Settlement Agreement, Plaintiff has suffered

8   damages in an amount greater than this Court's minimum jurisdiction, which amount will be

9   determined at trial.

10      54.    Plaintiff is also entitled to specific performance.

11      55.    The Settlement Agreement contains a prevailing party attorney's fees and cost

12   provision. Plaintiff has engaged attorneys to pursue its rights as a result of Defendants' breach of

13   the Settlement Agreement, and is entitled to recover from Defendants the attorney's fees and cost

14   incurred to that end.

15                  **FOURTH CLAIM FOR RELIEF**
                **(State Infringement of Trade Name - Washington Common Law**

16                     **as against all Defendants)**

17      56.    Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 55,

18   inclusive, as though set forth in full herein.

19      57.    In January 1982, Plaintiff filed articles of incorporation with the Washington State

20   Secretary of State under the corporate name "G. Loomis, Inc." and Plaintiff has continuously used

21   this corporate name since such filing. Plaintiff's registered corporate name of "G. Loomis, Inc."

22   constitutes a valid, protectable trade name under Washington common law.

23      58.    Defendants' acts constitute trade name infringement pursuant to Washington

24   common law. Those acts have caused and continue to cause a likelihood of confusion with

25   Plaintiff's trade name.

26

27

COMPLAINT - Page 12 of 16

59.    Pursuant to Washington common law, Plaintiff is entitled to an injunction prohibiting Defendants from continuing the practices described above.

60.    As a result of Defendants' actions, Plaintiff has been damaged in an amount according to proof at trial.

61.    The conduct of Defendants in infringing Plaintiff's trade name was willful, malicious, oppressive and fraudulent, and undertaken with deliberate disregard for Plaintiff's rights. Plaintiff is therefore entitled to an award of exemplary and punitive damages.

### FIFTH CLAIM FOR RELIEF
**(Violation of the Consumer Protection Act by Trade Name Infringement - RCW Ch. 19.86 as against all Defendants)**

62.    Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 61, inclusive, as though set forth in full herein.

63.    Defendants' conduct in infringing Plaintiff's trade name constitutes an unfair or deceptive act or practice in trade or commerce that has a substantial risk of confusing or misleading the public under Washington's Consumer Protection Act.

64.    Plaintiff is damaged in its business by Defendants' trade name infringement in violation of Washington's Consumer Protection Act.

### SIXTH CLAIM FOR RELIEF
**(Inducement of Trademark Infringement as against all Defendants)**

65.    Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 64 inclusive, as though set forth in full herein.

66.    Defendants' activities distributing its products bearing the Infringing Marks to third parties for sale are made for the purpose of inducing third parties to use Infringing Marks and to infringe Plaintiff's trademark rights.

67.    As a result of Defendants' actions, Plaintiff has been and will be damaged in an amount according to proof at trial.

LANDSMAN & FLEMING LLP
1000 Second Avenue, Suite 3000
Seattle, Washington 98104
Telephone: (206) 624-7900   Facsimile: (206) 624-7903

1    68.    The conduct of Defendants was willful, malicious, oppressive and fraudulent, and

2    undertaken with deliberate disregard for Plaintiff's rights. Plaintiff is therefore entitled to an award

3    of exemplary and punitive damages.

### DEMAND FOR JURY

5    Plaintiff demands a jury trial pursuant to Fed. R. Civ. P. 38.

### PRAYER FOR RELIEF

7    WHEREFORE, Plaintiff prays for relief as follows:

8    1.    For a temporary, preliminary, and permanent injunction enjoining Defendants, and

9    each of their agents, representatives, affiliates, partners and employees, and those persons in active

10    concert or participation or privity with them, who receive actual notice of the injunction order by

11    personal service, or otherwise from:

12    a.    Infringing Plaintiff's trademark rights in any way, including without

13    limitation, by manufacturing, importing, exporting, distributing, promoting, fulfilling orders for,

14    marketing, selling, offering for sale, and/or advertising goods and/or services in connection with the

15    Infringing Marks, or any of them, or any other mark or name confusingly similar to Plaintiff's Mark,

16    or any of them;

17    b.    Using any false designation of origin, or any false or misleading description

18    of fact, including the Infringing Marks, or any other mark or name confusingly similar to Plaintiff's

19    Marks, that can, or is likely to, lead the consuming public, or individual members thereof, to believe

20    that any products manufactured, imported, exported, distributed, promoted, marketed, sold, offered

21    for sale, and/or advertised by Defendants are in any manner associated or connected with Plaintiff,

22    or are licensed, approved or authorized in any way by Plaintiff;

23    c.    Inducing any third parties to infringe Plaintiff's trademark rights in any way,

24    including without limitation, by manufacturing, importing, exporting, distributing, promoting,

25    fulfilling orders for, marketing, selling, offering for sale, and/or advertising goods and/or services in

26

27

COMPLAINT - Page 14 of 16

1    connection with the Infringing Marks, or any of them, or any other mark or name confusingly

2    similar to Plaintiff's Marks, or any of them;

3         2.    For an order directing Defendants to file with the Court and serve upon Plaintiff's

4    counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the

5    manner and form in which Defendants have complied with the injunction.

6         3.    For an order requiring Defendants to immediately deliver to Plaintiff for safekeeping

7    all products and promotional, marketing and advertising materials, including without limitation,

8    advertisements, inventory lists, customer lists and brochures containing the Infringing Marks, or any

9    of them, or any other mark confusingly similar Plaintiff's marks, or any of them.

10        4.    For an order finding that, by the acts complained of herein, Defendants have

11   infringed Plaintiff's Marks, and each of them.

12        5.    For an order finding that, by the acts complained of herein, Defendants have created

13   a false designation of origin and/or a false impression of association, in violation of 15 U.S.C. §

14   1125(a).

15        6.    For an order finding that, by the acts complained of herein, Defendants have

16   infringed Plaintiff's G. Loomis, Inc. trade name, in violation of Washington common law and the

17   Washington Consumer Protection Act, RCW Ch. 19.86.

18        7.    For an order finding that, by the acts complained of herein, Defendants have induced

19   and facilitated third parties' infringement of Plaintiff's Marks, and each of them.

20        8.    For an order finding that, by the acts complained of herein, Defendants Gary Loomis

21   and NFC have breached the Settlement Agreement;

22        9.    For an order pursuant to 15 U.S.C. § 1117(a) compelling Defendants to account to

23   Plaintiff for any and all profits derived by Defendants from their unlawful and infringing conduct.

24        10.   For an order awarding Plaintiff general and/or specific damages, in an amount to be

25   fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as

26   appropriate, as well as all of Defendants' profits or gains of any kind from their acts of infringement,

27

COMPLAINT - Page 15 of 16

1   and false designation of origin; and further for an order that such acts were willful and wanton,

2   thereby justifying an award, where appropriate, of treble or enhanced damages.

3        11.    For an order that this be deemed an exceptional case and that Plaintiff recover from

4   Defendants all of Plaintiff's attorney's fees, costs, disbursements and other expenses Plaintiff has

5   incurred due to Defendants' illegal actions.

6        12.    For an order awarding Plaintiff pre-judgment interest.

7        13.    For an order awarding Plaintiff its attorney's fees and cost as per contract.

8        14.    For an order awarding Plaintiff such other and further relief as the Court may deem

9   just and proper.

10   DATED:  July 2, 2010                    LANDSMAN & FLEMING LLP

11                                           By: /s/ _____

12                                               R. Broh Landsman (WSBA #9321)
                                                 Attorneys for Plaintiff and Counterdefendant
13                                               G. LOOMIS, INC.
                                                 1000 Second Avenue, Suite 3000
14                                               Seattle, WA  98104
                                                 Phone:  (206) 624-7900
15                                               Fax: (206) 624-7903
                                                 broh@LF-law.com
16

17   DATED:  July 2, 2010                    JEFFER, MANGELS, BUTLER & MARMARO LLP
                                             ROD S. BERMAN
18

19                                           By: /s/ _____

20                                               Rod S. Berman (Ca. Bar No. 105444)
                                                 Neil C. Erickson (CA Bar No. 108352)
21                                               Jessica C. Bromall (CA Bar No. 235017)
                                                 Attorneys for Plaintiff and Counterdefendants
22                                               G. LOOMIS, INC.
                                                 1900 Avenue of the Stars, 7th Floor
23                                               Los Angeles, CA   90067
                                                 Phone:  (310) 203-8080
24                                               Fax:  (310) 203-0567
                                                 rberman@jmbm.com
25                                               nerickson@jmbm.com
                                                 jbromall@jmbm.com
26

27

COMPLAINT - Page 16 of 16

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of September 21, 2009 (the "Effective Date"), by and between:

1.    G. Loomis, Inc. ("GLI"), a Washington corporation with its principal place of business located at 1359 Downriver Drive, Woodland, Washington 98674, on the one hand; and on the other hand:

2.    Gary Loomis ("Gary Loomis"), an individual having his residence at 2612 N.E. 434th Street, Woodland, Washington 98674; and

3.    Gary Loomis Inc. ("Gary Loomis Inc."), a Washington State corporation having its principal place of business at 1760 Downriver Drive, Woodland, Washington 98674.

GLI, Gary Loomis and Gary Loomis, Inc. are, at times, individually referred to in this Agreement as a "Party" and collectively referred to in this Agreement as the "Parties." Gary Loomis and Gary Loomis, Inc. are, at times, collectively referred to as the "Gary Loomis Parties."

This Agreement is entered into with reference to the following recitals:

## RECITALS

A.    Gary Loomis is a well-known designer of products in the sport fishing industry.   Gary Loomis has been involved in the founding of a number of companies in the sports fishing industry, including GLI.

B.    GLI manufactures and sells high quality fishing rods, fishing equipment, other sporting related goods, travel luggage and clothing apparel in connection with its trademark "G. Loomis" (the "G. Loomis Mark") and trade name "Loomis".

C.    On or about May 28, 1997, Shimano American Corporation, Gary Loomis, Gary and Susan Loomis Charitable Remainder Unitrust, Swinging Bridge Partners L.P. and Strome-Susskind Hedgecap Fund, L.P. entered into an Agreement of Purchase and Sale of Stock of G. Loomis Products, Inc. (the "Stock Purchase Agreement"), pursuant to which, amongst other things, ownership of GLI was transferred to Shimano. After the transfer of the ownership of GLI to Shimano, GLI continued to own all rights in the G. Loomis Mark.

D.    The Stock Purchase Agreement including amongst its exhibits an "Employment Agreement" between GLI and Gary Loomis ("Employment Agreement"). The Employment Agreement expired in accordance with its terms on or about May 29, 2000. The term of the Employment Agreement was extended upon modified terms, and Gary Loomis remained in the employ of GLI.Gary Loomis ceased to be employed by GLI on or about April 28, 2008.

E.    The Stock Purchase Agreement included amongst its exhibits an Assignment of Rights of Publicity and Intellectual Property Agreement between GLI and Gary



Loomis (the "IP Agreement"). The IP Agreement provides that the term of use by GLI of the Transferred Rights (as defined therein) shall expire upon the later of May 27, 2002 (5 years after the Closing Date) or the expiration of the Employment Agreement.

F.    The Stock Purchase Agreement included amongst its exhibits an "Agreement and Covenant not to Compete or Solicit" between Shimano and Gary Loomis ("Non-Compete'- Agreement"). The Non-Compete Agreement expired in accordance with its terms on or about May 29, 2000.

G.    GLI is the owner of U.S. Reg. No. 1,637,672 for the trademark G. LOOMIS as described in the actual trademark registration.

H.    GLI is the owner of a triangular shaped design mark depicted in Exhibit A hereto (the "Triangle Design Mark").

I.    GLI is the owner of trademarks including the two consecutive letters "GL" (the "GL Marks") such as GL, GLX, GL2 and GL3 including U.S. Reg. 2,534,036 for the trademark GL3 as described in the actual trademark registration.

J.    A dispute has arisen between GLI and the Gary Loomis Parties as to alleged violations by the Gary Loomis Parties of GLI's trademark rights to the G. Loomis Mark in connection with the Gary Loomis Parties' alleged use of confusingly similar marks. These uses of marks alleged to be confusingly similar to the G. Loomis Mark include without limitation using the company name "Loomis Outdoors, Inc.;" using the marks "Gary Loomis Spinnerbaits," "Gary Loomis Lures," or other uses of "Gary Loomis" as a mark in connection with fishing related goods; and registering the websites "loomisfishing.com" and "loomisoutdoors.com."

K.    On or about October 30, 2008, GLI filed a complaint against Gary Loomis, Loomis/Borger and Loomis Outdoors in the United States District Court for the Central District of California, styled *G. Loomis, Inc. v. Gary Loomis et al.* Case No. 08-cv-7197 (CAS) (JTLx), alleging, *inter alia*, false designation of origin, federal trademark infringement, state trademark infringement, cyberpiracy, state infringement of trade name, misappropriation and breach of fiduciary duty. Subsequently GLI filed a First Amended Complaint adding Gary Loomis, Inc. and LBS as parties (the "Action").

L.    On April 21, 2009, this case was transferred to the Western District of Washington, where it is currently pending, and assigned Case No. CV 09-05236. Thereafter, GLI filed a Second Amended Complaint, *inter alia*, adding claims under Washington state law and addressing certain alleged defects identified by Gary Loomis and Gary Loomis, Inc.

M.    On or about January 5, 2009, Gary Loomis sent a cease and desist letter to GLI insisting that GLI cease infringement upon his alleged right of publicity and conveying a false impression of his endorsement of its products, including the use of any trademark that conveys an impression of affiliation with, origination from, or endorsement by Gary Loomis. In his Answer to the Second Amended Complaint, Gary Loomis filed a counterclaim alleging violation of his right of publicity, the Lanham Act, common law unfair competition, trademark infringement and violation of the Washington Consumer Protection Act.

5813271v4

N.    The Parties wish to settle all claims in the Action and any other causes of actions, claims or disputes asserted or which could have been asserted in the Action described above, whether known or unknown, without any admission of liability, as set forth in the terms of this Agreement.

NOW, THEREFORE, in consideration of the recitals and mutual undertakings contained herein, the Parties agree as follows:

**AGREEMENT**

## 1.    Incorporation of Recitals and Definitions

The above recitals, definitions and exhibits are incorporated herein by reference.

## 2.    Agreements by the Gary Loomis Parties

a.    The Gary Loomis Parties, and each of them, and those persons in active concert or participation with any of them who receive actual notice of the following restrictions by personal service or otherwise, shall as of October 1, 2009, permanently and forever cease and desist worldwide from:

(i)    except as explicitly set forth in Section 3 below, offering services or making, selling, using, offering for sale, importing, exporting, advertising, marketing, displaying or distributing any sporting equipment product or service, or any accessory related to sporting equipment product or service, or soliciting an investment in or raising money for any entity involved in the business of making, selling, using, offering for sale, importing, exporting, advertising, marketing, displaying or distributing any sporting equipment product or service, or any accessory related to sporting equipment product or service, in connection with a mark, corporate name, trade name, domain name or any other source indicia, the same as or confusingly similar to the G. Loomis Mark, the "Loomis" trade name, the GL Marks and/or the Triangle Design Mark. Without limiting the foregoing the Gary Loomis Parties shall not take any action that infringes or dilutes GLI's rights to the G. Loomis Mark, the GL Marks and/or the Triangle Design Mark or contributes to or induces the infringement or dilution of GLI's rights to the G. Loomis Mark, the GL Marks and/or the Triangle Design Mark;

(ii)    forming any business entities or organizations to avoid the aforementioned restrictions of this Section 2, or assisting any third-parties in engaging in any conduct, including the formation of any business entities or organizations, that would violate the aforementioned restrictions; and

(iii)    contesting or challenging the validity or enforceability of the G.Loomis Mark, the "Loomis" trade name, the GL Marks or the Triangle Design Mark.

b.    By September 24, 2009, Gary Loomis shall initiate the transfer of ownership of all Internet Domain names incorporating the G. Loomis Mark or the GL Marks, or any marks confusingly similar thereto, including, without limitation, the Internet domain names loomisfishing.com, to GLI, free and clear of all liens and encumbrances, and shall cause Gary

3

Loomis, Inc. to be administratively dissolved. Gary Loomis shall by October 1, 2009, provide GLI with written proof satisfactory to GLI that the transfer has been initiated and the corporate names changed. Gary Loomis shall bear all costs associated with the domain name transfer and corporate name change.

      c.     By October 15, 2009, the Gary Loomis Parties shall provide GLI with a written list of all products that were sold in connection with any mark violative of Section 2(a)(i) above ("Conflicting Products") and the number of units thereof manufactured and distributed, and a list of the names of the persons or entities the Conflicting Products were sold to, a list of each Conflicting Product and the number of units thereof in inventory as of October 1, 2009, as well as a copy of all documents reflecting the foregoing in the possession, custody or control of any of the Gary Loomis Parties.

**3.     Agreements by GLI**

      a.     Notwithstanding the prohibitions of Section 2(a) above, nothing in this Agreement shall prevent Gary Loomis from using (i) "GAL" as a trademark provided the letters have equal commercial impression and are in the same size, color and font; and (ii) "Gary Loomis" as his personal name descriptively in text. For example, nothing herein shall prevent Gary Loomis from descriptively stating that Gary Loomis was a founder of GLI and/or that Gary Loomis designs sporting equipment including fishing equipment. Whatever use of the name "Gary Loomis" is made by Gary Loomis, it (i) must not include the term "Loomis" alone or emphasized apart from the term "Gary", and (ii) must use the name "Gary Loomis" in such a way that consumers of the goods/services marketed in any way in connection with Gary Loomis' personal name clearly recognize that such use is merely reflective of his personal name and do not believe that the brand of such goods/services is associated in any way with GLI or that such goods/services are sponsored by, licensed by or approved by GLI.

      b.     Gary Loomis, his licensees, assigns and heirs may use the phrase "Designed by Gary Loomis" (the "Phrase").

      (i)     The Phrase may only be used adjacent to a manufacturer's name or brand (the "Brand").

      (ii)     The Phrase will be less prominent than the Brand

      (iii)     Each character of the Phrase will be in the same font and same font size.

      (iv)     Each character of the Phrase will be on the same background and in the same color.

      (v)     When the Phrase is physically placed on a product, either directly or by means of a hang tag, label, band or sticker:

      (A)     the Phrase must appear immediately adjacent to the words "who is not affiliated with G.Loomis, Inc." (the "Disclaimer");

4

(B)  each character of the Phrase and Disclaimer will be in the same font and same font size;

(C)  each character of the Phrase and Disclaimer will be on the same background and in the same color;

(D)  the size of each character of the Phrase and Disclaimer will be no more than 60 percent of the largest character of the Brand; and

(E)  when the product is a rod, the Phrase and Disclaimer will appear on the side of the rod opposite the identification of the Brand.

c.  The Gary Loomis Parties will not apply for a federal or state trademark registration for the Phrase.

d.  Except as prohibited in Section 2 above, GLI hereby covenants and agrees that it shall assert no claim against Gary Loomis, or any of his licensees, assigns or heirs, to prevent the use of Gary Loomis' likeness, voice, signature or photograph, or otherwise take any action to prevent the exploitation of any other rights of publicity afforded Gary Loomis under the laws of any State, the United States, or any other country. GLI shall not challenge nor file any proceedings against the use or restriction by Gary Loomis, or any of his licensees, assigns or heirs, of the trademark "GAL", or the Phrase "designed by Gary Loomis", anywhere, provided such use is consistent with the restrictions in this Agreement. If necessary for the registration by Gary Loomis, or any other company or person properly claiming through him, of the mark "GAL", GLI shall sign the appropriate consents thereto.

e.  By October 1, 2009, GLI shall cease all use of Gary Loomis' name, persona and likeness in the marketing, promotion, advertisement, distribution and sale of goods.

f.  Nothing in this Agreement prohibits or limits Gary Loomis, his licensees, assigns or heirs from using the words "Gary Loomis" or "Loomis" in connection with golf products including without limitation, the use of the phrase, "Loomis Golf".

## 4.  **Dismissal.**

No later than five (5) business days following the Effective Date of this Agreement, the Parties shall file with the United States District Court for the Western District of Washington (the "Court") a Notice of Dismissal with Prejudice in the form attached hereto as Exhibit B, dismissing the Action with prejudice, each party to bear its own attorneys' fees and costs.

## 5.  **Releases**

a.  Except for the obligations created by this Agreement, GLI, on behalf of itself, its officers, directors, agents, employees, representatives, parents, insurers, assigns and successors, hereby fully and forever releases and discharges the Gary Loomis Parties, and each of them, and each of their officers, directors, agents, employees, heirs, representatives, parents, insurers, assigns and successors, from any and all claims, demands, liens, actions, suits, causes of action, obligations, controversies, debts, costs, attorneys' fees, expenses, damages, judgments,

5

5813271v4

orders, and liabilities of whatever kind or nature at law, in equity, or otherwise, whether known or unknown, suspected or unsuspected, which have existed or may have existed, or which do exist or which hereafter can, shall or may exist, based on any facts, acts, events, or omissions occurring from the beginning of time to the Effective Date, relating to the claims raised in the Action.

b.    Except for the obligations created by this Agreement, the Gary Loomis Parties, and each of them, on behalf of themselves and each of their officers, directors, agents, employees, heirs, representatives, parents, insurers, assigns and successors, hereby fully and forever release and discharge GLI and each of its officers, directors, agents, employees, representatives, parents, insurers, assigns and successors, from any and all claims, demands, liens, actions, suits, causes of action, obligations, controversies, debts, costs, attorneys' fees, expenses, damages, judgments, orders, and liabilities of whatever kind or nature at law, in equity, or otherwise, whether known or unknown, suspected or unsuspected, which have existed or may have existed, or which do exist or which hereafter can, shall or may exist, based on the facts, acts, events, and omissions occurring from the beginning of time to the Effective Date, relating to the claims raised in the Action or any counterclaims that have or could be brought by the Gary Loomis Parties or any of them.

6.    **Waiver of Rights under California Civil Code Section 1542.**

With regard to the general releases set forth herein, this Agreement is intended to cover and does cover all claims or possible claims of every nature and kind whatsoever, whether known or unknown, suspected or unsuspected, or hereafter discovered or ascertained, and all rights under Section 1542 of the Civil Code of California ("Section 1542") or any similar provision of the law of any other State (including without limitation the State of Washington) are hereby expressly waived, relating to the claims that have or could be raised by GLI in the Action or any counterclaims that have or could be brought by the Gary Loomis Parties or any of them. The Parties acknowledge that they are familiar with Section 1542, which reads as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

The Parties expressly, knowingly and intentionally waive and relinquish any and all rights that they have under Section 1542, as well as under any other similar state or federal statute or common law principle relating to the claims that were raised or could be brought in the Action or any counterclaims that were raised or could be brought by the Gary Loomis Parties or any of them.

7.    **Representations and Warranties.**

The Parties are entering into this Agreement in reliance on the following representations and warranties, all of which the Parties acknowledge to be material:

a.    Representations and Warranties of the Gary Loomis Parties:

6

(i)      This Agreement constitutes each of their legal, valid and binding obligations and is enforceable in accordance with its terms; and

(ii)     Other than the above mentioned uses of terms in Recital J above, the Gary Loomis Parties, or either of them, is not presently making, selling, using, offering for sale, importing, exporting, advertising, displaying or distributing any products or services that would violate the provisions of Section 2 above.

(iii)    The Gary Loomis Parties have no ownership or control over the domain name "www.loomisoutdoors.com".

    b.      Representations and Warranties of GLI:

(i)·     The execution, delivery and performance by GLI of its obligations under this Agreement are within its corporate power, have been duly authorized by all necessary corporate action, do not contravene any law or any contractual provision binding on it, and do not require any consent or approval of any person or governmental authority except such consents and approvals as have been obtained and are in full force and effect; and

(ii)     This Agreement constitutes GLI's legal, valid and binding obligation and is enforceable in accordance with its terms.

### 8.    No Admission of Liability.

Each Party acknowledges and agrees that this Agreement is a compromise of disputed claims and neither this Agreement, nor any consideration provided pursuant to this Agreement, shall be taken or construed to be an admission or concession by either GLI's or the Gary Loomis Parties of any kind with respect to any fact, liability, or fault.

### 9.    Acknowledgments.

Each Party acknowledges:

    a.      It has received independent legal advice from counsel with respect to the advisability of entering into this Agreement and making the settlement provided for herein. Each Party has executed this Agreement with the consent and the advice of such independent counsel. Prior to the execution of this Agreement, each Party and its legal counsel has had adequate opportunity to make whatever investigation and inquiry they may deem necessary or desirable in connection with the subject matter of the Agreement;

    b.      It enters into this Agreement and makes the settlement provided for herein of its own free will, without reservation, and acts under no force or duress or coercion of any kind or character in so doing;

    c.      The individuals executing this Agreement are duly authorized representatives and each such individual has the requisite authority to enter into this Agreement on behalf of his or her principal;

7

d.     This Agreement has been carefully read by each Party, and all the terms used herein and their significance, both factual and legal, are known and understood by each Party;

e.     Each Party agrees to perform any further acts and execute and deliver any documents that may be reasonably necessary to carry out the provisions of this Agreement; and

f.     Each Party represents to the other that no claim released pursuant to Sections 5 and 6 above has been transferred to any other party.

## 10.     **Binding Agreement.**

This Agreement is binding upon, and shall inure to the benefit of, the Parties and each of their respective heirs, successors, assigns, directors, officers, employees, representatives, agents, shareholders, insurers, parents, subsidiaries and affiliates, and shall have worldwide effect.

## 11.     **Entire Agreement**

This Agreement contains the entire understanding between the Parties with respect to the subject matter contained herein, and supersedes any prior or contemporaneous written or oral agreements or representations concerning the within subject matter.

## 12.     **Specific Performance**

Should any Party materially default in any of its obligations under this Agreement, or should any of the representations and warranties made herein be materially false, the defaulting party acknowledges that the non-defaulting party may be irreparably damaged and that it would be extremely difficult and impractical to measure such damage. Accordingly, the defaulting party acknowledges that the non-defaulting party, in addition to any other available rights or remedies, shall be entitled to specific performance, injunctive relief and any other equitable remedy, all without posting any bond or other security, and the defaulting party waives the defense that a remedy at law or damages is adequate.

## 13.     **No Waiver**

No waiver of any of the provisions of this Agreement shall be deemed, or shall constitute, a waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the party making the waiver.

## 14.     **No Modification**

This Agreement may not be amended or modified at any time except by written instrument executed by authorized representatives of each Party.

5813271v4

15.  **Attorneys' Fees**

In any action or other proceeding between the Parties, or any of them, for relief arising out of this Agreement, or the breach thereof, the prevailing party shall be awarded, in addition to any other relief awarded or granted, its reasonable costs and expenses, including attorneys' fees, incurred in the proceeding.

16.  **Severability**

If any provision of this Agreement shall be found to be unlawful, void or unenforceable in whole or in part for any reason, such provision or such part thereof shall be deemed separate from and shall in no way affect the validity of the remainder of this Agreement. If such provision or part thereof shall be deemed unlawful, void or unenforceable due to its scope or breadth, such provision or part thereof shall be deemed valid to the extent of the scope or breadth permitted by law.

17.  **Jurisdiction and Venue**

This Agreement will be governed by and interpreted in accordance with Washington law without regard to conflicts of law principles. If for any reason any controversy, claim, or dispute arising out of or relating to this Agreement or the breach of any of its terms is to be resolved in a court of law, the parties irrevocably submit to the jurisdiction of any state or federal court located within Washington state and closest to Clark County, Washington, and waive any objection to jurisdiction and venue in any such court, and waive any claim that the forum is an inconvenient forum. This provision does not restrict the breadth, scope or enforceability of this Agreement.

18.  **Counterparts**

This Agreement may be executed in counterparts and via facsimile signatures, and each counterpart shall be deemed to be an original, and all of which together shall be deemed to be one and the same instrument.

G. LOOMIS, INC.

By: _____

Name: James D Gibson

Title: Executive Director

GARY A. LOOMIS

By: _____
     Gary A. Loomis

GARY LOOMIS INC.

By:    Gary A. Loomis

9

5813271v4

Honorable Benjamin H. Settle

1

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  **WESTERN DISTRICT OF WASHINGTON**

10

11  G. LOOMIS, INC., a Washington State
corporation,

12
            Plaintiff,

13
            v.

14

15  GARY A. LOOMIS, et al.,

16            Defendants.

17

18

19

20

21

22

23

24

25

26

27

CASE NO. 3:09-cv-05236-BHS

SECOND AMENDED COMPLAINT FOR:

(1) FALSE DESIGNATION OF ORIGIN,
ETC. (VIOLATION OF LANHAM ACT,
15 U.S.C. § 1125(a));

(2) FEDERAL TRADEMARK
INFRINGEMENT (VIOLATION OF
LANHAM ACT, 15 U.S.C. § 1114);

(3) VIOLATION OF CYBERPIRACY ACT
(15 U.S.C. § 1125(d));

(4) BREACH OF WRITTEN CONTRACT;

(5) STATE INFRINGEMENT OF TRADE
NAME (WASHINGTON COMMON
LAW);

(6) WASHINGTON STATE CONSUMER
PROTECTION ACTION VIOLATION
BASED ON TRADE NAME
INFRINGEMENT (RCW CH. 19.86);

(7) WASHINGTON CONSUMER
PROTECTION ACT BASED ON FALSE

28  SECOND AMENDED COMPLAINT - 1
(CASE NO. 3:09-cv-05236-BHS)

JEFFER, MANGELS BUTLER &
MARMARO LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080  Facsimile: (310) 203-0567

6119256v1

JMBM  Jeffer Mangels
Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER


EXHIBIT B

ADVERTISING (RCW CH. 19.86); AND

(8) INDUCEMENT OF TRADEMARK INFRINGEMENT

DEMAND FOR JURY TRIAL

## INTRODUCTION

1.    On or about May 28, 1997, defendant Gary Loomis ("Gary Loomis") sold all of his interest in G. Loomis Products, Inc., which owned all shares of plaintiff G. Loomis, Inc. ("GLI" or "Plaintiff"). GLI is the owner of an incontestable federal trademark registration for the "G. Loomis" trademark as well as the common law rights thereto (the "G. Loomis Mark") which is widely used in connection with fishing equipment and other sporting goods distributed throughout the United States. The G. Loomis Mark represents the goodwill of GLI, and is extremely valuable in light of the fame of the G. Loomis brand. This mark is thus a key asset of GLI, and helps GLI distinguish its goods and services from competitors and prevent consumer confusion. For many years after the sale, Gary Loomis continued to work with GLI as an employee. Notwithstanding his status as a key GLI employee, Gary Loomis used the G. Loomis Mark on fishing baits in July 2007 and at the beginning of 2008, Gary Loomis secretly had the domain name loomisfishing.com registered by Jon Bial. In addition, while still employed by GLI, Gary Loomis began working on fishing-related equipment with defendant Targus Fly & Feather, Inc. ("Targus") and incorporated defendant Gary Loomis, Inc. Then in May 2008, Gary Loomis terminated his employment with GLI and the next month incorporated defendant Loomis/Borger Outdoor Holdings, Inc. Shortly thereafter, GLI learned that Gary Loomis was using the G. Loomis Mark in connection with the distribution and sale of fishing equipment to and through Targus and other retail outlets, in violation of GLI's rights. Gary Loomis and Loomis Outdoors, Inc. also engaged LBS Financial Services, LLC to sell securities in Loomis Outdoors, Inc. and, in doing so, has been misrepresenting Loomis Outdoors, Inc.'s rights to the G. Loomis Mark.

SECOND AMENDED COMPLAINT - 2
(CASE NO. 3:09-cv-05236-BHS)

JEFFER, MANGELS BUTLER & MARMARO LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080  Facsimile: (310) 203-0567

PRINTED ON RECYCLED PAPER

6119256v1

2.    To protect its rights, GLI sent letters to Gary Loomis asking that he and his new companies discontinue using the G. Loomis Mark. However, Gary Loomis refused to discontinue the use. Despite continued attempts by GLI to persuade Gary Loomis to stop his infringing activity, Gary Loomis and the other defendants continue to use infringing trademarks. Left with no other recourse, GLI now brings this Second Amended Complaint and alleges as follows:

## JURISDICTION AND VENUE

3.    Plaintiff brings this action for injunctive relief and damages for, *inter alia*, federal trademark infringement, false designation of origin, false representation, false endorsement, violation of the Cyberpiracy Act (15 U.S.C. §§ 1114, 1125(a) & (d)), and Washington State common law regarding trade name infringement. This Court has subject matter jurisdiction over the federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over the claims alleging violations of state law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and findings by the United States District Court, Central District of California where this action was originally filed. On April 21, 2009, that Court granted a motion to transfer the case brought by some of the defendants herein. In granting that motion, the Central District of California determined that the matter should be transferred to this Court pursuant to 28 U.S.C. § 1404.

5.    In addition, on information and belief, Defendants have sold and continue to sell their products and provide services bearing the G. Loomis Mark or marks confusingly similar to the G. Loomis Mark to businesses and individuals in Washington. Accordingly, this District is a district where the infringement and other wrongful acts alleged herein occurred. Consequently, Defendants have, in addition to violating Plaintiff's federal rights, violated rights afforded to Plaintiff under Washington law in Washington and have subjected themselves to Washington law, Washington jurisdiction and to Washington as a venue.

SECOND AMENDED COMPLAINT - 3
(CASE NO. 3:09-cv-05236-BHS)

JEFFER, MANGELS BUTLER &
MARMARO LLP
*1900 Avenue of the Stars, 7th Floor*
*Los Angeles, California 90067*
*Telephone: (310) 203-8080  Facsimile: (310) 203-0567*

**THE PARTIES**

6.    Plaintiff is a Washington State corporation having its principal place of business at 1359 Downriver Drive, Woodland, Washington 98674. Plaintiff is registered to and does conduct business in the State of Washington.

7.    GLI is informed and believes, and on that basis alleges, that Gary Loomis is an individual having his principal place of residence at 2612 N.E. 434th Street, Woodland, Washington 98674.

8.    GLI is informed and believes, and on that basis alleges, that defendant Loomis/Borger Outdoors Holdings, Inc. is a Washington State corporation having its principal place of business at 1760 Downriver Drive, Woodland, Washington 98674.

9.    GLI is informed and believes, and on that basis alleges, that Targus Fly & Feather, Inc. ("Targus") is a Washington State corporation having its principal place of business at 1760 Downriver Drive, Woodland, Washington 98674.

10.    GLI is informed and believes, and on that basis alleges, that defendant Loomis Outdoors, Inc. ("Loomis Outdoors, Inc.") is a Florida State corporation having its principal place of business at 2612 N.E. 434th Street, Woodland, Washington 98674.

11.    GLI is informed and believes, and on that basis alleges, that defendant Gary Loomis, Inc. is a Washington State corporation having its principal place of business at 1760 Downriver Drive, Woodland, Washington 98674.

12.    GLI is informed and believes, and on that basis alleges, that defendant LBS Financial Services, LLC ("LBS") is a New Jersey State corporation having its principal place of business at 46 E. Front Street, Suite 2, Keyport, New Jersey 07735.

13.    Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 10, inclusive, or any of them, and therefore sues these defendants, and each of them, by such fictitious name. Plaintiff will amend this Complaint when the identities of these defendants are ascertained. Gary Loomis, Loomis/Borger

SECOND AMENDED COMPLAINT - 4
(CASE NO. 3:09-cv-05236-BHS)

6119256v1

JEFFER, MANGELS BUTLER &
MARMARO LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080  Facsimile: (310) 203-0567

PRINTED ON
RECYCLED PAPER

JMBM Jeffer Mangels Butler & Marmaro LLP

1  Outdoors Holdings, Inc., Targus Fly & Feather, Inc., Loomis Outdoors, Inc., Gary Loomis, Inc.,

2  LBS Financial Services, LLC, and Does 1 through 10, inclusive, shall collectively be referred to as

3  "Defendants." Gary Loomis, Loomis/Borger Outdoors Holdings, Inc., Loomis Outdoors, Inc., and

4  Gary Loomis, Inc. shall collectively be referred to as "Gary Loomis and His Companies."

5      14.    Plaintiff is informed and believes, and on that basis alleges, that each defendant

6  conspired and acted in concert with each other to commit the wrongs against GLI alleged herein,

7  and in doing so were at all relevant times the agents, servants, employees, principals, joint

8  venturers, alter egos and/or partners of each other. GLI is further informed and believes, and on

9  that basis alleges, that in doing the things alleged in this Complaint, each defendant was acting

10  within the scope of authority conferred upon that defendant by the consent, approval and/or

11  ratification of the other defendants, whether said authority was actual or apparent.

12                    **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

13                         **GLI Owns the G. Loomis Mark**

14      15.    Gary Loomis founded his namesake company, G. Loomis, Inc. (as defined above,

15  "GLI"), in 1982. In the ensuing years, GLI and its trademarks "G. Loomis" and "Loomis"

16  (collectively, the "G. Loomis Mark") became synonymous with high-end, high quality, innovative

17  fishing equipment.

18      16.    Today, due to their high quality, GLI fishing rods have become especially well

19  known and are recognized throughout the world. GLI fishing rods are made from proprietary

20  combinations of resins and composite sheets. The employees that make the rods have an average of

21  over 10 years experience working with the company. Also, GLI does not rely on the designs of

22  Gary Loomis alone. For example, thirteen time world casting champion and thirty-six time national

23  casting champion, Steve Rajeff, is an employee of GLI and a key designer of GLI rods.

24      17.    GLI fishing equipment is sold at hundreds of outdoor activity related retail shops and

25  sporting goods stores in the United States and on the Internet. In addition, GLI products are

26  distributed internationally, in Asia, Europe, Latin America and the South Pacific.

27

28  SECOND AMENDED COMPLAINT - 5
    (CASE NO. 3:09-cv-05236-BHS)

JEFFER, MANGELS BUTLER &
MARMARO LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080   Facsimile: (310) 203-0567

PRINTED ON
RECYCLED PAPER

6119256v1

JMBM | Jeffer Mangels
Butler & Marmaro LLP

18.    The recognition associated with the G. Loomis Mark has allowed GLI to expand its product offerings beyond fishing equipment and into travel luggage and clothing apparel.

19.    GLI owns all rights and title to the G. Loomis Mark and any marks confusingly similar thereto. As parts of its efforts to protect its rights in the G. Loomis Mark, GLI registered the mark on March 12, 1991 and was awarded United States Trademark Registration No. 1,637,672. A true and correct copy of the registration is attached hereto as Exhibit A.

20.    GLI has diligently maintained the G. Loomis Mark and has spent considerable sums to promote its products under the G. Loomis Mark. GLI also owns and maintains the website www.gloomis.com, where it provides information to the public regarding GLI fishing rods and other fishing tackle. GLI also spends thousands of dollars every year to promote fishing equipment marked with the G. Loomis Mark.

21.    GLI has exclusively and continually used the G. Loomis Mark in commerce for well over 25 years. The G. Loomis Mark has also been registered for over 15 years. Consequently, the federal registration for the G. Loomis Mark is incontestable.

### Defendant's Bad Faith Infringement of GLI's Rights

22.    On or about May 28, 1997, Gary Loomis sold all of his interest in Gary Loomis Products, Inc., the company which owned GLI, pursuant to pursuant to a written Agreement of Purchase and Sale of Stock (the "Purchase Agreement"). Gary Loomis Products, Inc., was sold for close to $9 million, of which Gary Loomis received the majority share. Two days later as part of the Purchase Agreement, Gary Loomis entered into two separate but interrelated contracts with GLI, as follows:

a.    An Employment Agreement, whereby Gary Loomis continued to work for the company. A true and correct copy of the Employment Agreement is attached hereto as Exhibit B. Pursuant to the Employment Agreement, Gary Loomis' ongoing duties at GLI included advising the company on the design and manufacture of fishing rods and reels and related equipment; endorsing, promoting and taking other action as reasonably requested by GLI to promote the

SECOND AMENDED COMPLAINT - 6
(CASE NO. 3:09-cv-05236-BHS)

JEFFER, MANGELS BUTLER &
MARMARO LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080   Facsimile: (310) 203-0567

PRINTED ON
RECYCLED PAPER

6119256v1

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1    reputation of GLI's products; and providing other advise and counsel as requested by GLI, for

2    which he was well compensated.

3            b.      Assignment of Rights of Publicity and Intellectual Property Agreement (the

4    "Intellectual Property Agreement"). A true and correct copy of the Intellectual Property Agreement

5    is attached hereto as Exhibit C. Pursuant to the Intellectual Property Agreement, Gary Loomis

6    warranted to GLI that all intellectual property owned, created by or to which Gary Loomis has any

7    rights had been disclosed to GLI and made subject to the Purchase Agreement.

8         23.    At the time of the sale of GLI, Gary Loomis was well aware that GLI owned

9    intellectual property rights to and was using the G. Loomis Mark.

10         24.    By 2006, Gary Loomis' role in his namesake company had diminished to a

11    promotional capacity. Under a new agreement (the "2006 Employment Agreement"), memorialized

12    in an email dated April 24, 2006 from the Executive Director of GLI to Gary Loomis that modified

13    and extended the term of the Employment Agreement, Gary Loomis was only committed to

14    working 90 days a year, and only in a promotional capacity. For his work, Gary Loomis was paid a

15    salary plus other benefits. In addition to his salary, Gary Loomis was also compensated for

16    agreeing to a non-compete restriction that allowed Gary Loomis to pursue other business plans "as

17    long as there are no conflicts with [the 2006 Employment Agreement] or [GLI's] business plans."

18    The 2006 Employment Agreement was effective for three years, or until either party terminated the

19    Agreement in writing with 30 days notice.

20         25.    In July of 2007, while Gary Loomis was still employed at GLI, GLI became aware

21    that Gary Loomis was offering a product called Gary Loomis Spinnerbaits at the International

22    Convention of Allied Sportfishing Trades ("ICAST"). Shortly, after the convention, GLI

23    confronted Gary Loomis about this use of the G. Loomis Mark and was told by Gary Loomis that he

24    would discontinue using the mark.

25         26.    GLI is informed and believes, and on that basis alleges, that despite still being an

26    employee of GLI and still owing duties to GLI, Gary Loomis caused the web domain

27

28    SECOND AMENDED COMPLAINT - 7
    (CASE NO. 3:09-cv-05236-BHS)

6119256v1

JEFFER, MANGELS BUTLER &
MARMARO LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080   Facsimile: (310) 203-0567

PRINTED ON
RECYCLED PAPER

1   loomisfishing.com to be registered on January 3, 2008. Jon Bial registered the domain name for

2   Gary Loomis. Gary Loomis never informed GLI that he was causing the web domain to be

3   registered, and he did not transfer possession of the web domain to GLI. GLI is also informed and

4   believes, and on that basis alleges that Gary Loomis also began working with Targus against GLI's

5   interest early in 2008.

6       27.   GLI is informed and believes, and on that basis alleges, that Gary Loomis

7   incorporated Gary Loomis, Inc. in April of 2008.

8       28.   In May 2008, Gary Loomis terminated his relationship with GLI. On the web

9   domain loomisfishing.com, Gary Loomis posted a webpage in which he thanked the public for their

10  support, informed them of his departure from GLI and promoted his new line of fishing equipment,

11  available through Targus, a company incorporated with the Washington Secretary of State in April

12  2008.

13      29.   The following month in June 2008, the corporation Loomis/Borger Outdoors

14  Holdings, Inc. was formed in Washington State, with Gary Loomis listed as the Chairman.

15      30.   In or about June 2008, an Executive Summary for Loomis Outdoors, Inc. was made

16  public.

17      31.   The Loomis Outdoors, Inc. Executive Summary touted the leadership of "world

18  famous fishing-rod designer Gary Loomis" and expected growth to becoming a $15 million

19  company in 2009, and a $90 million company in 2012. The Executive Summary also claimed that

20  the company was going to aggressively acquire other fishing related businesses and produce new

21  products, including the GlimmerMinnow™ designed by Gary Loomis. A true and correct copy of

22  the Executive Summary for Loomis Outdoors, Inc. is attached as Exhibit D.

23      32.   GLI is informed and believes, and on that basis alleges that in July 2008, at ICAST,

24  Gary Loomis again offered the Gary Loomis Spinnerbaits for sale, despite his earlier promise to

25  discontinue using the G. Loomis Mark.

26

27

28  SECOND AMENDED COMPLAINT - 8
    (CASE NO. 3:09-cv-05236-BHS)

JEFFER, MANGELS BUTLER &
MARMARO LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080   Facsimile: (310) 203-0567

JMBM | Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

6119256v1

33.   By August 2008, fishing lures billed as "Gary Loomis Lures" were being sold through the website for Targus and, despite Gary Loomis' earlier representation, "Gary Loomis 4-Piece Glimmer Spinnerbait Kits" ("Gary Loomis Spinnerbaits") were being sold through the website Wal-Mart.com. The products displaying the G. Loomis Mark are still available on their respective websites at the time of the filing of this Complaint. By selling their products to and through a national retailer such as Wal-Mart.com, Inc. and through Targus' website, Gary Loomis and His Companies put their products into the national stream of commerce.

34.   On September 3, 2008, GLI, through counsel, sent a letter to Gary Loomis respectfully asking that he stop using the marks "Loomis Fishing," "Loomis Outdoors," "Gary Loomis Spinnerbaits," and "Gary Loomis Lures" because they are confusingly similar to GLI's G. Loomis Mark. GLI also asked that the domain loomisfishing.com be transferred to GLI. A true and correct copy of GLI's September 3, 2008 letter is attached as Exhibit E.

35.   Unbeknownst to GLI, Loomis Outdoors, Inc. registered the domain name loomisoutdoors.com on September 4, 2008.

36.   Also unbeknownst to GLI, Loomis Outdoors, Inc. engaged LBS to perform services to sell securities in Loomis Outdoors, Inc. As a part of the services included in that engagement, LBS began distributing sales documents to potential buyers. In those sales documents, LBS and Loomis Outdoors, Inc. falsely represent that they hold the necessary trademarks for their products.

37.   In addition, some of the advertisements prominently contain an image of Gary Loomis wearing a G. Loomis hat with a G. Loomis logo thereon. The logo on the hat that Gary Loomis is wearing is a logo affixed on many of the clothing products that G. Loomis sells and is readily associated with GLI.

38.   On October 1, 2008, by letter, counsel for Gary Loomis and His Companies refused to discontinue using the marks and refused to transfer the domain names. A true and correct copy of that letter is attached as Exhibit F.

JEFFER, MANGELS BUTLER &
MARMARO LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080   Facsimile: (310) 203-0567

PRINTED ON
RECYCLED PAPER

6119256v1

39. Gary Loomis and His Companies' stated basis for refusing to discontinue use of "Loomis Outdoors" was that "Loomis Outdoors" could relate to any outdoor activity and was not restricted to fishing, and therefore was not confusingly similar to the G. Loomis Mark. The fact that the category of outdoor activities includes fishing and the fact that the Executive Summary for Loomis Outdoors, Inc. was directed towards fishing equipment were completely ignored.

40. Gary Loomis and His Companies' stated basis for refusing to transfer the domain name loomisfishing.com was Gary Loomis' claimed right to use his name in a domain for blogging purposes. The fact that Gary Loomis was promoting his new activities on the website was also not addressed.

41. There was no response to GLI's request that they discontinue the use of the mark "Gary Loomis Lures."

42. On October 3, 2008, GLI's counsel emailed Gary Loomis and His Companies' counsel to point out the deficiencies in Gary Loomis' position and to try to resolve the dispute outside of court to no avail. A true and correct copy of GLI's counsel's email is attached as Exhibit G. GLI has made additional attempts to convince Gary Loomis to cease his infringing activities, but he has not agreed to do so.

43. Gary Loomis and His Companies have infringed GLI's rights in the G. Loomis Mark by using in connection with the distribution and sale of fishing related products the marks "Gary Loomis Spinnerbaits," "Loomis Fishing," "Gary Loomis Lures" and "Loomis Outdoors, Inc." Gary Loomis and His Companies have also infringed GLI's rights by using the domain name loomisfishing.com in promoting, marketing and selling fishing related goods and/or services. Gary Loomis and His Companies' use of the domain name loomisoutdoors.com is also an infringement of GLI's rights.

44. In addition, in connection with services by LBS to promote and sell securities, Gary Loomis, Loomis Outdoors, Inc. and LBS are falsely representing that they own the trademark rights to the G. Loomis Mark and are falsely representing that GLI endorses or approves of their activities.

SECOND AMENDED COMPLAINT - 10
(CASE NO. 3:09-cv-05236-BHS)

JEFFER, MANGELS BUTLER &
MARMARO LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080  Facsimile: (310) 203-0567

PRINTED ON
RECYCLED PAPER

6119256v1

1    Furthermore, LBS is inducing the continued infringement of the G. Loomis Mark by funding and

2    promoting Loomis Outdoors, Inc.

3        45.    The natural, probable and foreseeable result of the wrongful conduct by Defendants

4    is to deprive GLI of business and good will, to injure GLI's reputation and to dilute the distinctive

5    quality of GLI's G. Loomis Mark, thereby irreparably harming GLI.

6        46.    GLI is informed and believes, and on that basis alleges, that it has lost or will lose

7    revenues, and has sustained or will sustain damages as a result of Defendants' wrongful conduct.

8    GLI is further informed and believes, and on that basis alleges, that Defendants have been unjustly

9    enriched by their improper use of GLI's G. Loomis Mark.

10

11                    **FIRST CLAIM FOR RELIEF**
     **(Lanham Act - False Designation of Origin, False Representation and False Endorsement -**
12                        **15 U.S.C. § 1125(a)**
                 **as to Targus, Gary Loomis, His Companies and LBS)**
13

14       47.    Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 46,

15   inclusive, as though set forth in full herein.

16       48.    By virtue of Plaintiff's long standing use of the G. Loomis Mark in connection with

17   fishing equipment, and its extensive marketing, advertising, promotion and sale of goods under the

18   mark, the G. Loomis Mark has acquired secondary meaning whereby the consuming public

     associates the mark with a single source of goods and/or services.
19

20       49.    Targus, Gary Loomis and His Companies intended to, and did, confuse and mislead

21   the public, and did represent and create the false impression that Plaintiff somehow authorized,

     originated, sponsored, approved, licensed or participated in Targus, Gary Loomis and His
22
     Companies' use of the marks "Gary Loomis Lures," "Gary Loomis Spinnerbaits," "Loomis
23
     Outdoors" and "Loomis Fishing," and the loomisfishing.com and loomisoutdoors.com domain
24
     names.
25

26       50.    As specifically alleged in paragraphs 22 through 46, above, on and in connection

27   with the goods and services specified therein, Gary Loomis, Loomis Outdoors, Inc. and LBS have

28   SECOND AMENDED COMPLAINT - 11                    JEFFER, MANGELS BUTLER &
     (CASE NO. 3:09-cv-05236-BHS)                         MARMARO LLP
                                                     1900 Avenue of the Stars, 7th Floor
                                                       Los Angeles, California 90067
                                               Telephone: (310) 203-8080  Facsimile: (310) 203-0567

JMBM  Jeffer Mangels
Butler & Marmaro

1  used and continue to use in commerce the G. Loomis Mark. In connection with that use, Gary

2  Loomis, Loomis Outdoors, Inc. and LBS have given false or misleading descriptions of fact, and

3  made false or misleading representations of fact that are likely to cause confusion or mistake, or to

4  deceive as to the affiliation, connection or association of those defendants with GLI. The use and

5  continued use in commerce by Gary Loomis, Loomis Outdoors, Inc. and LBS of the G. Loomis

6  Mark, and false or misleading descriptions of fact, and false or misleading representations of fact

7  are also likely to cause confusion or mistake, or to deceive as to the origin, sponsorship or approval

8  of those defendants' goods or services, or commercial activities by GLI.

9      51.    Specifically, without limitation, Gary Loomis, Loomis Outdoors, Inc. and LBS,

10  through goods and services provided by those defendants, are attempting to sell securities in Loomis

11  Outdoors, Inc. to raise capital for Loomis Outdoors. To do so, LBS is distributing advertisements to

12  potential investors representing that Loomis Outdoors, Inc. owns all of the necessary trademarks to

13  its products.

14      52.    Also contained within the advertisements that Gary Loomis, Loomis Outdoors, Inc.,

15  and LBS are distributing to potential investors is a prominently placed picture of Gary Loomis

16  wearing a hat bearing a logo owned by GLI. The logo is readily and clearly visible. The GLI logo

17  is intimately associated with GLI and its products.

18      53.    The use of the GLI logo is likely to cause confusion as to whether GLI endorses or

19  approves of the activities of Gary Loomis with regard to Loomis Outdoors, Inc. and the sale of

20  Loomis Outdoors, Inc. securities. Thus, GLI will be damaged by the false representation of an

21  endorsement.

22      54.    In fact, there is no connection or association or licensing relationship between

23  Plaintiff, on the one hand, and Targus, Gary Loomis, His Companies or LBS, on the other hand.

24  Plaintiff has not authorized, licensed or given permission to Targus, Gary Loomis, His Companies

25  or LBS to use the G. Loomis Mark in any manner whatsoever, including without limitation, the

26

27

28  SECOND AMENDED COMPLAINT - 12
    (CASE NO. 3:09-cv-05236-BHS)

JEFFER, MANGELS BUTLER &
MARMARO LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080   Facsimile: (310) 203-0567

JMBM | Jeffer Mangels
      Butler & Marmaro LLP

1   infringing use of the marks "Gary Loomis Lures," "Gary Loomis Spinnerbaits," "Loomis Outdoors,"

2   and "Loomis Fishing."

3       55.    Thus, Targus, Gary Loomis, His Companies and LBS have created and will create a

4   false impression concerning an association between Plaintiff and Targus, Gary Loomis, His

5   Companies and LBS, and has created and will continue to create a false designation of the origin of

6   Gary Loomis and His Companies' goods and/or services, and has created and will continue to create

7   confusion as to a connection among the respective parties.

8       56.    Gary Loomis, Loomis Outdoors, Inc. and LBS knew or should have known that

9   these uses and representations are false. Loomis Outdoors, Inc. does not own the G. Loomis Mark.

10  Also, Loomis Outdoors, Inc. and Gary Loomis have been marketing products such as the Gary

11  Loomis Lures and the Gary Loomis Spinnerbaits that infringe on the G. Loomis Mark.

12      57.    As a direct and proximate result of Targus, Gary Loomis, His Companies and LBS's

13  creation of a false impression of association between Plaintiff and Targus, Gary Loomis and His

14  Companies', and Targus, Gary Loomis and His Companies' creation of a false designation of the

15  origin of Gary Loomis and His Companies' goods and/or services, Plaintiff has been damaged and

16  will continue to be damaged. Pursuant to 15 U.S.C. §§ 1116(a) and 1125(c), Plaintiff is entitled to

17  an order enjoining Targus, Gary Loomis, His Companies and LBS from using the marks "Gary

18  Loomis Lures," "Gary Loomis Spinnerbaits," "Loomis Outdoors," and "Loomis Fishing" and from

19  any other use of Plaintiff's G. Loomis Mark or any variation thereof including in connection with

20  Internet content or otherwise; and requiring Targus, Gary Loomis and His Companies to transfer the

21  registration for loomisfishing.com and loomisoutdoors.com to Plaintiff. Pursuant to 15 U.S.C.

22  §1117(a), Plaintiff is entitled to an order requiring Targus, Gary Loomis, His Companies and LBS

23  to account to Plaintiff for any and all profits derived by Targus, Gary Loomis, His Companies and

24  LBS from their actions; and pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an order

25  awarding all damages sustained by Plaintiff caused by Defendants.

26

27

28  SECOND AMENDED COMPLAINT - 13
    (CASE NO. 3:09-cv-05236-BHS)

JEFFER, MANGELS BUTLER &
MARMARO LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080 Facsimile: (310) 203-0567

PRINTED ON
RECYCLED PAPER

6119256v1

58.    Targus, Gary Loomis, His Companies and LBS's conduct alleged herein was intentional and without foundation in law. Pursuant to 15 U.S.C. §1117(a), Plaintiff is entitled to an award of treble damages against Defendants.

59.    Targus, Gary Loomis, His Companies and LBS's acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiff is entitled to an award of attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
**(Lanham Act - Federal Trademark Infringement 15 U.S.C. § 1114
as to Targus, Gary Loomis and His Companies)**

60.    Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 59, inclusive, as though set forth in full herein.

61.    Plaintiff's mark registered as United States Trademark No. 1,637,672 is inherently distinctive and/or has acquired secondary meaning designating Plaintiff as the source of all goods and/or services advertised, marketed, sold or used in connection with the mark. The mark has been registered for over 15 years and has been continuously and exclusively used in commerce during that time. Consequently, the foregoing federal registration for the G. Loomis Mark is incontestable.

62.    Plaintiff has not authorized, licensed or given permission to Defendants to use Plaintiff's mark registered as United States Trademark No. 1,637,672 in any manner whatsoever, including without limitation the marks "Gary Loomis Lures," "Gary Loomis Spinnerbaits," "Loomis Outdoors" and "Loomis Fishing."

63.    Targus, Gary Loomis and His Companies' use of the marks "Gary Loomis Lures," "Gary Loomis Spinnerbaits," "Loomis Outdoors" and "Loomis Fishing" is likely to cause confusion, mistake or to deceive as to source, origin, affiliation or sponsorship.

64.    Unless an injunction is issued enjoining any continuing or future infringing use by Targus, Gary Loomis and His Companies of Plaintiff's mark registered as United States Trademark No. 1,637,672, including use in connection with the marks "Gary Loomis Lures," "Gary Loomis Spinnerbaits," "Loomis Outdoors" and "Loomis Fishing," such continuing or future use is likely to

SECOND AMENDED COMPLAINT - 14
(CASE NO. 3:09-cv-05236-BHS)

PRINTED ON
RECYCLED PAPER

6119256v1

JEFFER, MANGELS BUTLER &
MARMARO LLP
*1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067*
*Telephone: (310) 203-8080   Facsimile: (310) 203-0567*

1    continue to cause confusion, mistake or to deceive as to source, origin, affiliation or sponsorship,

2    and to thereby irreparably damage Plaintiff.

3        65.    As a direct and proximate result of Targus, Gary Loomis and His Companies'

4    infringing use, Plaintiff has been damaged and will continue to be damaged. Pursuant to 15 U.S.C.

5    §§ 1116(a) and 1125(c), Plaintiff is entitled to an order enjoining Targus, Gary Loomis and His

6    Companies from using the marks "Gary Loomis Lures," "Gary Loomis Spinnerbaits," "Loomis

7    Outdoors" and "Loomis Fishing," and from any other use of Plaintiff's mark registered as United

8    States Trademark No. 1,637,672 in connection with Internet content or otherwise; and requiring

9    Gary Loomis and Loomis Outdoors, Inc. to transfer the registrations for loomisfishing.com and

10    loomisoutdoors.com to Plaintiff. Pursuant to 15 U.S.C. §§ 1125(c)(5) and 1117(a), Plaintiff is

11    entitled to an order requiring Gary Loomis and His Companies to account to Plaintiff for any and all

12    profits derived by Gary Loomis and His Companies from their actions; and pursuant to 15 U.S.C.

13    §§ 1125(c)(5) and 1117(a), Plaintiff is entitled to an order awarding all damages sustained by

14    Plaintiff by reason of the infringement caused by Defendants.

15        66.    Targus, Gary Loomis and His Companies' conduct alleged herein was intentional and

16    without foundation in law. Pursuant to 15 U.S.C. §1117(a), Plaintiff is entitled to an award of treble

17    damages against Defendants.

18        67.    Targus, Gary Loomis and His Companies' acts make this an exceptional case under

19    15 U.S.C. §1117(a), and Plaintiff is entitled to an award of attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
(Violation of the Cyberpiracy Act - 15 U.S.C. § 1125(d)
as against Gary Loomis and Loomis Outdoors, Inc. only)

20

21

22        68.    Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 67,

23    inclusive, as though set forth in full herein.

24        69.    This is a claim for redress under the "Anticybersquatting Consumer Protection Act,"

25    Section 43(d) of the Trademark Act of 1946 as amended, 15 U.S.C. § 1125(d) (the "Cyberpiracy

26    Act").

27

28    SECOND AMENDED COMPLAINT - 15
(CASE NO. 3:09-cv-05236-BHS)

JEFFER, MANGELS BUTLER &
MARMARO LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080   Facsimile: (310) 203-0567

PRINTED ON
RECYCLED PAPER

6119256v1

JMBM | Jeffer Mangels
Butler & Marmaro LLP

1   70.    Plaintiff is the owner of the G. Loomis Mark. Plaintiff also uses the G. Loomis Mark

2   with an active Internet web site using a "G. Loomis" domain name, including the URL

3   "gloomis.com". As alleged above, Plaintiff's G. Loomis Mark has been used in connection with

4   fishing equipment for more than 25 years. Plaintiff has grown significantly through the investment

5   of substantial time, money and effort, and has developed substantial goodwill in connection with its

6   goods and services under the G. Loomis Mark.

7   71.    Notwithstanding Plaintiff's exclusive rights to the G. Loomis Mark, and without its

8   permission or consent, defendants Gary Loomis and Loomis Outdoors, Inc. caused the registration

9   of the domain names loomisfishing.com and loomisoutdoors.com with an Internet domain name

10  registrar.

11  72.    Defendants have ignored Plaintiff letters requesting that they cease and desist from

12  claiming any right to use of loomisfishing.com and loomisoutdoors.com and transfer the Internet

13  registration for the domain name to Plaintiff.

14  73.    Gary Loomis and Loomis Outdoors, Inc. have acted in bad faith with the intent to

15  profit from the domain name given that, among other things: (i) they have usurped the entirety of

16  Plaintiff's G. Loomis Mark; (ii) they are fully aware that Plaintiff owns exclusive rights to the G.

17  Loomis Mark; (iii) their actions are intended to divert consumers from Plaintiff's online location to

18  loomisfishing.com or loomisoutdoors.com, which is harming the goodwill represented by Plaintiff's

19  mark, all for their commercial gain; and (iv) they have ignored Plaintiff's request that they transfer

20  the registration for loomisfishing.com and loomisoutdoors.com to Plaintiff.

21  74.    Plaintiff is further informed and believes, and on that basis alleges, that at the time

22  Gary Loomis and Loomis Outdoors, Inc. caused the registration of loomisfishing.com and

23  loomisoutdoors.com, Gary Loomis and Loomis Outdoors, Inc. did not believe, and had no

24  reasonable grounds to believe, that their acquisition of loomisfishing.com or loomisoutdoors.com

25  was a fair use or otherwise lawful.

26

27

28  SECOND AMENDED COMPLAINT - 16
(CASE NO. 3:09-cv-05236-BHS)

PRINTED ON
RECYCLED PAPER

6119256v1

JEFFER, MANGELS BUTLER &
MARMARO LLP
*1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080  Facsimile: (310) 203-0567*

75.    By virtue of their conduct as alleged above, Gary Loomis and Loomis Outdoors, Inc. are in violation of 15 U.S.C. § 1125(d)(1)(A).

76.    By virtue of Gary Loomis and Loomis Outdoors, Inc.'s violation of the Cyberpiracy Act, Plaintiff is entitled to an order, pursuant to 15 U.S.C. § 1125(d)(1)(C), requiring them to transfer the domain names loomisfishing.com and loomisoutdoors.com to Plaintiff.

77.    Plaintiff is informed and believes, and on that basis alleges that Gary Loomis and Loomis Outdoors, Inc.'s acts make this an exceptional case under 15 U.S.C. § 1117(a).    Thus, Plaintiff is entitled to an award of attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Breach of Written Contract as against Gary Loomis only)

78.    Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 77, inclusive, as though set forth in full herein.

79.    As alleged above, GLI and Gary Loomis entered into the Employment Agreement Intellectual Property Agreement and then the 2006 Employment Agreement (collectively, the "Agreements").

80.    GLI has performed all conditions, covenants and promises required to be performed on its part in accordance with the terms and conditions of the Agreements, except to the extent that Gary Loomis's breach has prevented such performance.

81.    Gary Loomis breached the Agreements, without limitation, by reason of the following:

a.    In breach of paragraph 2(a) of the Intellectual Property Agreement, Gary Loomis failed to fully and truthfully warrant that all intellectual property owned, created by or to which he had any rights had been disclosed to GLI and was the subject of the Purchase Agreement;

b.    Gary Loomis failed to maintain, enforce and defend the intellectual property rights assigned to and owned by GLI as required by paragraph 2(c) of the Intellectual Property Agreement; and

SECOND AMENDED COMPLAINT - 17
(CASE NO. 3:09-cv-05236-BHS)

6119256v1

JEFFER, MANGELS BUTLER &
MARMARO LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080   Facsimile: (310) 203-0567

JMBM | Jeffer Mangels
Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

1      c.      Gary Loomis engaged in activity that was competitive with the business of GLI, and

2    assisted other persons or organizations in competing or preparing to compete with the business of

3    GLI.

4      82.      As a result of Gary Loomis's breach of the Agreements, GLI has suffered damages in

5    an amount greater than this Court's minimum jurisdiction, which amount will be determined at trial.

6      83.      The Agreements contain a prevailing party attorney's fees and cost provision.  GLI

7    has engaged attorneys to pursue its rights as a result of Gary Loomis's breach of the Agreements,

8    and is entitled to recover from Gary Loomis the attorney's fees and cost incurred to that end.

### FIFTH CLAIM FOR RELIEF
**(State Infringement of Trade Name - Washington Common Law
as to Gary Loomis and His Companies)**

11      84.      Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 83,

12    inclusive, as though set forth in full herein.

13      85.      In January 1982, Plaintiff filed articles of incorporation with the Washington State

14    Secretary of State under the corporate name "G. Loomis, Inc." and Plaintiff has continuously used

15    this corporate name since such filing.  Plaintiff's registered corporate name of "G. Loomis, Inc."

16    constitutes a valid, protectable trade name under Washington common law.

17      86.      Gary Loomis and His Companies' acts constitute trade name infringement pursuant

18    to Washington common law.  Those acts have caused and continue to cause a likelihood of

19    confusion with Plaintiff's G. Loomis Mark.

20      87.      Pursuant to Washington common law, Plaintiff is entitled to an injunction

21    prohibiting Gary Loomis and His Companies from continuing the practices described above and

22    requiring Gary Loomis and Loomis Outdoors, Inc. to transfer the domain name registrations for

23    loomisfishing.com and loomisoutdoors.com to Plaintiff.

24      88.      As a result of Gary Loomis and His Companies' actions, Plaintiff has been damaged

25    in an amount according to proof at trial.

26

27

28    SECOND AMENDED COMPLAINT - 18
(CASE NO. 3:09-cv-05236-BHS)

JEFFER, MANGELS BUTLER &
MARMARO LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080   Facsimile: (310) 203-0567

PRINTED ON
RECYCLED PAPER

6119256v1

89.     The conduct of Gary Loomis and His Companies' in infringing Plaintiff's trade name was willful, malicious, oppressive and fraudulent, and undertaken with deliberate disregard for Plaintiff's rights.  Plaintiff is therefore entitled to an award of exemplary and punitive damages.

**SIXTH CLAIM FOR RELIEF**
**(Violation of the Consumer Protection Act**
**by Trade Name Infringement - RCW Ch. 19.86**
**as against Gary Loomis and His Companies)**

90.     Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 89, inclusive, as though set forth in full herein.

91.     Gary Loomis and His Companies' conduct in infringing upon Plaintiff's trade name constitutes an unfair or deceptive act or practice in trade or commerce that has a substantial risk of confusing or misleading the public under Washington's Consumer Protection Act.

92.     Plaintiff is damaged in its business by Gary Loomis and His Companies' trade name infringement.

**SEVENTH CLAIM FOR RELIEF**
**(Violation of the Consumer Protection Act**
**by False Advertising - RCW Ch. 19.86**
**as against Gary Loomis, Loomis Outdoors, Inc. and LBS)**

93.     Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 92, inclusive, as though set forth in full herein.

94.     Gary Loomis, Loomis Outdoors, Inc. and LBS are selling securities in Loomis Outdoors, Inc. to raise capital.  To gain the interest of potential investors and to convince them to invest in Loomis Outdoors, Inc., on information and belief, Gary Loomis, Loomis Outdoors, Inc. and LBS disseminated in Washington and elsewhere advertising to the potential investors, wherein they falsely advertise that Loomis Outdoors, Inc. has all of the trademarks necessary for its products.  However, the Gary Loomis Lures and Gary Loomis Spinnerbaits infringe upon the G. Loomis Mark owned by GLI.

SECOND AMENDED COMPLAINT - 19
(CASE NO. 3:09-cv-05236-BHS)

JEFFER, MANGELS BUTLER &
MARMARO LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080   Facsimile: (310) 203-0567

6119256v1

PRINTED ON
RECYCLED PAPER

JMBM   Jeffer Mangels
Butler & Marmaro LLP

95.    Gary Loomis, Loomis Outdoors, Inc. and LBS's conduct constitutes an unfair or deceptive act or practice in trade or commerce that has a substantial risk of confusing or misleading the public under Washington's Consumer Protection Act.

96.    Plaintiff is damaged in its business by the false advertising by Gary Loomis, Loomis Outdoors, Inc. and LBS because the false advertising causes confusion as to the source of goods bearing the G. Loomis Mark.

## EIGHTH CLAIM FOR RELIEF
### (Inducement of Trademark Infringement as against LBS only)

97.    Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 96 inclusive, as though set forth in full herein.

98.    LBS's activities to acquire capitalization for Loomis Outdoors, Inc. is made for the purpose of inducing Loomis Outdoors, Inc. to infringe GLI's trademark, the G. Loomis Mark.

99.    As a result of LBS's actions, Plaintiff has been damaged in an amount according to proof at trial.

100.    The conduct of LBS was willful, malicious, oppressive and fraudulent, and undertaken with deliberate disregard for Plaintiff's rights. Plaintiff is therefore entitled to an award of exemplary and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.    For a temporary, preliminary and permanent injunction enjoining Defendants, and each of their agents, representatives, affiliates, partners and employees, and those persons in active concert or participation or privity with them, who receive actual notice of the injunction order by personal service, or otherwise from:

SECOND AMENDED COMPLAINT - 20
(CASE NO. 3:09-cv-05236-BHS)

JEFFER, MANGELS BUTLER &
MARMARO LLP
*1900 Avenue of the Stars, 7th Floor*
*Los Angeles, California 90067*
*Telephone: (310) 203-8080   Facsimile: (310) 203-0567*

JMBM | Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

6119256v1

1.    Infringing Plaintiff's trademark rights in any way, including without limitation, manufacturing, distributing, promoting, fulfilling orders for, marketing, selling or advertising goods and/or services in connection with the marks "Gary Loomis Lures," "Gary Loomis Spinnerbaits," "Loomis Outdoors" and "Loomis Fishing," or any other mark or name confusingly similar to the G. Loomis Mark, including without limitation "Loomis" and "Gary Loomis";

2.    Using any false designation of origin, or any false or misleading description of fact, including the marks "Gary Loomis Lures," "Gary Loomis Spinnerbaits," "Loomis Outdoors" and "Loomis Fishing," or any other mark or name confusingly similar to the G. Loomis Mark, that can, or is likely to lead the consuming public, or individual members thereof, to believe that any products produced, promoted, marketed, advertised, provided or sold by Targus, Gary Loomis and His Companies are in any manner associated or connected with GLI, or are licensed, approved or authorized in any way by GLI;

3.    With respect to Gary Loomis, Loomis Outdoors, Inc. and LBS, disseminating any advertising that misrepresents facts concerning the G. Loomis Mark or falsely advertising GLI's endorsement of the sale of Loomis Outdoors, Inc.'s securities;

4.    With respect to LBS, directly or indirectly providing funding or capital to Loomis Outdoors, Inc. to allow Loomis Outdoors, Inc. to continue its infringement of GLI's trademark rights.

B.    For an order directing Defendants to file with the Court and serve upon GLI's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which Defendants have complied with the injunction.

C.    For an order requiring Targus, Gary Loomis and His Companies to immediately

SECOND AMENDED COMPLAINT - 21
(CASE NO. 3:09-cv-05236-BHS)

PRINTED ON
RECYCLED PAPER

6119256v1

1  deliver to Plaintiff for safekeeping all products and promotional, marketing and advertising

2  materials, including without limitation, advertisements, inventory lists, customer lists and brochures

3  containing the marks "Gary Loomis Lures," "Gary Loomis Spinnerbaits," "Loomis Outdoors" and

4  "Loomis Fishing," or any other mark confusingly similar to the G. Loomis Mark.

5

6       D.     For an order finding that, by the acts complained of herein, Targus, Gary Loomis and

7  His Companies have infringed the G. Loomis Mark.

8       E.     For an order finding that, by the acts complained of herein, Targus, Gary Loomis and

9  His Companies have created a false designation of origin and/or a false impression of association, in

10 violation of 15 U.S.C. § 1125(a).

11      F.     For an order finding that, by the acts complained of herein, Gary Loomis and His

12 Companies have violated the Cyberpiracy Act, 15 U.S.C. § 1125(d).

13

14      G.     For an order finding that, by the acts complained of herein, Gary Loomis, Loomis

15 Outdoors, Inc. and LBS have made false representation in violation of 15 U.S.C. § 1125(a).

16      H.     For an order finding that, by the acts complained of herein, Gary Loomis, Loomis

17 Outdoors, Inc. and LBS have made false representations of endorsement in violation of 15 U.S.C. §

18 1125(a).

19

20      I.     For an order finding that, by the acts complained of herein, Gary Loomis and His

21 Companies have infringed Plaintiff's G. Loomis, Inc. trade name, in violation of Washington

22 common law and the Washington Consumer Protection Act, RCW Ch. 19.86.

23      J.     For an order finding that, by the acts complained of herein, Gary Loomis, Loomis

24 Outdoors, Inc. and LBS have made false advertisements in violation of the Washington Consumer

25 Protection Act, RCW Ch. 19.86.

26      K.     For an order finding that, by the acts complained of herein, LBS has induced and

27

28 SECOND AMENDED COMPLAINT - 22
(CASE NO. 3:09-cv-05236-BHS)

JEFFER, MANGELS BUTLER &
MARMARO LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080  Facsimile: (310) 203-0567

JMBM  Jeffer Mangels
Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

6119256v1

1    facilitated Loomis Outdoors, Inc.'s infringement of the G. Loomis Mark.

2        L.    For an order pursuant to 15 U.S.C. § 1117(a) compelling Defendants to account to

3    Plaintiff for any and all profits derived by Defendants from their unlawful and infringing conduct.

4        M.    For an order awarding Plaintiff general and/or specific damages, in an amount to be

5    fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as

6    appropriate, as well as all of Defendants' profits or gains of any kind from their acts of infringement,

7    false designation of origin, misappropriation, false advertising, false endorsement, false

8    representations, and breach of fiduciary duty; and further for an order that such acts were willful

9    and wanton, thereby justifying an award, where appropriate, of treble or enhanced damages.

10       N.    For an order that this be deemed an exceptional case and that Plaintiff recover from

11   Defendants all of Plaintiff's attorneys' fees, costs, disbursements and other expenses Plaintiff has

12   incurred due to Defendants' illegal actions.

13       O.    For an order awarding Plaintiff pre-judgment interest.

14       P.    For an order awarding Plaintiff its attorney's fees and cost as per contract.

15       Q.    For an order awarding Plaintiff such other and further relief as the Court may deem

16   just and proper.

17       DATED:  May 5, 2009.            JEFFER, MANGELS, BUTLER & MARMARO LLP

18

19       By: /s/ Neil C. Erickson
20
21       NEIL C. ERICKSON (BAR NO. 108352)
         Attorneys for Plaintiff G. LOOMIS, INC.
22       1900 Avenue of the Starts, 7th Floor
         Los Angeles, CA  90067
23       Phone:  (310) 203-8080
         Fax:  (310) 203-0567
24       nerickson@jmbm.com
25
26
27
28   SECOND AMENDED COMPLAINT - 23                    JEFFER, MANGELS BUTLER &
     (CASE NO. 3:09-cv-05236-BHS)                          MARMARO LLP
                                                     1900 Avenue of the Stars, 7th Floor
                                                       Los Angeles, California 90067
                                              Telephone: (310) 203-8080  Facsimile: (310) 203-0567

1

LANDSMAN & FLEMING LLP

2

3    By: /s/ R. Broh Landsman

4        R. BROH LANDSMAN (WSBA #9321)
         Attorneys for Plaintiff G. LOOMIS, INC.

5        1000 Second Avenue, Suite 3000
         Seattle, WA  98104

6        Phone:  (206) 624-7900
         Fax: (206) 624-7903

7        broh@LF-law.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   SECOND AMENDED COMPLAINT  - 24
     (CASE NO. 3:09-cv-05236-BHS)

JEFFER, MANGELS BUTLER &
MARMARO LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080   Facsimile: (310) 203-0567

JMBM | Jeffer Mangels
Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

6119256v1

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury on all issues raised by the Second Amended Complaint.

DATED: May 5, 2009.                                    JEFFER, MANGELS, BUTLER & MARMARO LLP


By: /s/ Neil C. Erickson
    NEIL C. ERICKSON (BAR NO. 108352)
    Attorneys for Plaintiff G. LOOMIS, INC.
    1900 Avenue of the Starts, 7th Floor
    Los Angeles, CA 90067
    Phone: (310) 203-8080
    Fax: (310) 203-0567
    nerickson@jmbm.com


LANDSMAN & FLEMING LLP


By: /s/ R. Broh Landsman
    R. BROH LANDSMAN (WSBA #9321)
    Attorneys for Plaintiff G. LOOMIS, INC.
    1000 Second Avenue, Suite 3000
    Seattle, WA 98104
    Phone: (206) 624-7900
    Fax: (206) 624-7903
    broh@LF-law.com

**JEFFER, MANGELS BUTLER & MARMARO LLP**
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080  Facsimile: (310) 203-0567

PRINTED ON
RECYCLED PAPER

6119256v1

Received From
SEATTLE

DEC 23 2009

SEA 31305 / ☒ Summons Iss.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

C09   5787 RBL

| | |
|---|---|
| G. LOOMIS, INC., a Washington State corporation,<br><br>           Plaintiff,<br><br>v.<br><br>GARY A. LOOMIS, an individual; NORTH FORK COMPOSITES LLC, a Washington State limited liability company; and DOES 1-10, inclusive,<br><br>           Defendants. | CASE NO.<br><br>COMPLAINT FOR:<br><br>(1) FALSE DESIGNATION OF ORIGIN, ETC. (VIOLATION OF LANHAM ACT, 15 U.S.C. § 1125(a));<br><br>(2) FEDERAL TRADEMARK INFRINGEMENT (VIOLATION OF LANHAM ACT, 15 U.S.C. § 1114);<br><br>(3) BREACH OF WRITTEN CONTRACT<br><br>(4) STATE INFRINGEMENT OF TRADE NAME (WASHINGTON COMMON LAW);<br><br>(5) WASHINGTON STATE CONSUMER PROTECTION ACTION VIOLATION BASED ON TRADE NAME INFRINGEMENT (RCW CH. 19.86); AND<br><br>(6) INDUCEMENT OF TRADEMARK INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT - 1

LANDSMAN & FLEMING LLP
1000 Second Avenue, Suite 3000
Seattle, Washington 98104
Telephone: (206) 624-7900   Facsimile: (206) 624-7903


EXHIBIT C

## INTRODUCTION

1.     Plaintiff G. Loomis, Inc. ("GLI" or "Plaintiff") owns the G. LOOMIS trademark and trade name, which it uses throughout the United States and abroad in connection with fishing equipment and other sporting goods.  Defendant Gary Loomis ("Gary Loomis") was an owner of Plaintiff until on or about May 28, 1997, when he sold his entire interest in Plaintiff, including any and all interest in Plaintiff's mark G. LOOMIS.  After he sold his interest, Gary Loomis continued to work with Plaintiff as an employee until about May of 2008.

2.     Prior to leaving Plaintiff's employ, Gary Loomis began working with Plaintiff's competitors to design and sell a line of fishing-related equipment and products under various trademarks incorporating his name "Gary Loomis", *e.g.* GARY LOOMIS SPINNERBAITS and GARY LOOMIS LURES, all of which were confusingly similar to Plaintiff's mark G. LOOMIS.  Shortly thereafter, Gary Loomis terminated his employment with Plaintiff and began using the foregoing trademarks to compete with Plaintiff in earnest.

3.     Plaintiff was forced to bring a lawsuit against Gary Loomis in order to protect its rights in its G. LOOMIS trademark.  In September 2009, the parties resolved that matter by written Settlement Agreement.  In that Settlement Agreement, Gary Loomis agreed, *inter alia*, that he would not offer services or products in connection with any mark or name confusingly similar to Plaintiff's G. LOOMIS trademark.

4.     Now, mere months after entering the Settlement Agreement, Gary Loomis has again begun working with one of Plaintiff's competitors - defendant North Fork Composites LLC ("NFC") - and is again using the GARY LOOMIS trademark, this time to sell fishing-rod building services.

5.     Plaintiff contacted Gary Loomis' counsel, advised that Gary Loomis' conduct was in breach of the Settlement Agreement, and requested that he cease using the GARY LOOMIS trademark.  Despite Plaintiff's attempts to persuade Gary Loomis and NFC to stop

COMPLAINT - 2

LANDSMAN & FLEMING LLP
1000 Second Avenue, Suite 3000
Seattle, Washington 98104
Telephone: (206) 624-7900  Facsimile: (206) 624-7902

their infringing activity, Gary Loomis and NFC continue to use the infringing marks. Left with no other recourse, Plaintiff now brings this Complaint and alleges as follows:

## JURISDICTION AND VENUE

6.    Plaintiff brings this action for injunctive relief and damages for, *inter alia*, breach of contract, federal trademark infringement, false designation of origin, false representation, false endorsement, and violation of Washington State common law regarding trade name infringement. This Court has subject matter jurisdiction over the federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over the claims alleging violations of state law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

7.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Defendants Gary Loomis and NFC reside in this District and offer their services under the infringing GARY LOOMIS mark in this District and to businesses and individuals in this District. Accordingly, this District is where the infringement and other wrongful acts alleged herein occurred.

## THE PARTIES

8.    Plaintiff is a Washington State corporation having its principal place of business at 1359 Downriver Drive, Woodland, Washington 98674. Plaintiff is registered to and does conduct business in the State of Washington.

9.    Plaintiff is informed and believes, and on that basis alleges, that defendant NFC is a Washington State limited liability company, having its place of business at 2617 Northeast 434th Street, Woodland, Washington, 98674.

10.    Plaintiff is informed and believes, and on that basis alleges, that Gary Loomis is an individual having his principal place of residence at 2612 N.E. 434th Street, Woodland, Washington 98674. Plaintiff is further informed and believes, and on that basis alleges, that Gary Loomis founded NFC, and that he is an officer, director, or managing agent of NFC.

COMPLAINT - 3

LANDSMAN & FLEMING LLP
*1000 Second Avenue, Suite 3000*
*Seattle, Washington 98104*
*Telephone: (206) 624-7900   Facsimile: (206) 624-7903*

11.    Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 10, inclusive, or any of them, and therefore sues these defendants, and each of them, by such fictitious name. Plaintiff will amend this Complaint when the identities of these defendants are ascertained. Gary Loomis, NFC, and Does 1 through 10, inclusive, shall collectively be referred to as "Defendants."

12.    Plaintiff is informed and believes, and on that basis alleges, that each defendant conspired and acted in concert with each other to commit the wrongs against Plaintiff alleged herein, and in doing so were at all relevant times the agents, servants, employees, principals, joint venturers, alter egos and/or partners of each other. Plaintiff is further informed and believes, and on that basis alleges, that in doing the things alleged in this Complaint, each defendant was acting within the scope of authority conferred upon that defendant by the consent, approval and/or ratification of the other defendants, whether said authority was actual or apparent.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF
### Plaintiff Owns the G. LOOMIS Mark

13.    Gary Loomis founded his namesake company, G. Loomis, Inc., in 1982. In the ensuing years, GLI and its trademarks "G. LOOMIS" and "LOOMIS" (collectively, the "G. LOOMIS Mark") became synonymous with high-end, high quality, innovative fishing equipment.

14.    Today, due to their high quality, Plaintiff's G. LOOMIS brand fishing rods have become especially well-known and are recognized throughout the world. Plaintiff's G. LOOMIS fishing rods are made from proprietary combinations of resins and composite sheets. The employees that make the rods have an average of over ten years experience working with the company.

15.    Plaintiff's G. LOOMIS brand fishing equipment is sold at hundreds of outdoor activity related retail shops and sporting goods stores in the United States, as well as on the

COMPLAINT - 4

LANDSMAN & FLEMING LLP
1000 Second Avenue, Suite 3000
Seattle, Washington 98104
Telephone: (206) 624-7900   Facsimile: (206) 624-7902

Internet. In addition, Plaintiff's G. LOOMIS products are distributed internationally in Asia, Europe, Latin America and the South Pacific.

16.     The recognition associated with the G. LOOMIS Mark has allowed Plaintiff to expand its product offerings beyond fishing equipment and into travel luggage and clothing apparel.

17.     Plaintiff owns all rights and title to the G. LOOMIS Mark and any marks confusingly similar thereto. As part of its efforts to protect its rights in the G. LOOMIS Mark, GLI applied for, and on March 12, 1991, obtained, a federal registration for the mark G. LOOMIS, U.S. Reg. No. 1,637,672. A true and correct copy of the registration is attached hereto as Exhibit A.

18.     Plaintiff has diligently maintained the G. LOOMIS Mark and has spent considerable sums to promote its products under the G. LOOMIS Mark, spending thousands of dollars every year to promote fishing equipment marked with the G. LOOMIS Mark.

19.     GLI has exclusively and continually used the G. LOOMIS Mark in commerce for well over 25 years. The G. LOOMIS Mark has also been registered for over 15 years. Consequently, the federal registration for the G. LOOMIS Mark is incontestable.

## Defendants' Infringing Conduct

20.     In or around November 2009, Defendants launched the NFC "Gary Loomis Approved Rod Builder Program." The purpose of this program is to create a registry of rod builders qualified to build custom NFC fishing rods. Defendants maintain the registry on their website www.northforkcomposites.com (the "Website") and the registry "is marked with NFC Approved Rod Builder logo (that's the logo above)." That logo features an abstract depiction of a river, in large font, the words GARY LOOMIS (stylized to appear like a signature) and, in smaller font underneath those words, the words "Approved Rod Builder" (the "GARY LOOMIS Logo"). A true and correct copy of the GARY LOOMIS Logo is attached hereto as Exhibit B.

COMPLAINT - 5

LANDSMAN & FLEMING LLP
1000 Second Avenue, Suite 3000
Seattle, Washington 98104
Telephone: (206) 624-7900   Facsimile: (206) 624-7903

21.    According to the Website, Defendants intend to incorporate the GARY LOOMIS Logo into "much of our advertising, as well as in our catalog, on our website, and in other marketing efforts."  Additionally, also according to the Website, Defendants intend to license all "approved rod builders" to use the GARY LOOMIS Logo in their business, are encouraging them to do so, and will provide them with decals and other items bearing the infringing GARY LOOMIS Logo.

22.    Defendants adopted the GARY LOOMIS Logo in disregard of Plaintiff's exclusive rights in the G. LOOMIS Mark and have been and are unlawfully infringing Plaintiff's rights in the G. LOOMIS Mark by marketing, advertising, offering for sale, selling and/or distributing rod building services and/or a rod building registry in connection with the infringing GARY LOOMIS Logo.

23.    Plaintiff is informed and believes, and on that basis alleges, that Defendants, by such conduct, have been and are willfully and intentionally misappropriating Plaintiff's rights in the G. LOOMIS Mark with the intent to profit therefrom.

24.    The natural, probable and foreseeable result of the wrongful conduct by Defendants is to deprive Plaintiff of business and goodwill, to injure Plaintiff's reputation and to dilute the distinctive quality of Plaintiff's G. LOOMIS Mark, thereby irreparably harming Plaintiff.

25.    Plaintiff is informed and believes, and on that basis alleges, that it has lost or will lose revenues, and has sustained or will sustain damages as a result of Defendants' wrongful conduct.  Plaintiff is further informed and believes, and on that basis alleges, that Defendants have been unjustly enriched by their improper use of Plaintiff's G. LOOMIS Mark.

<u>**Previous Infringing Conduct**</u>

26.    This is not the first time that Gary Loomis has infringed Plaintiff's rights in its G. LOOMIS Mark.  To the contrary, on or about May 28, 1997, Gary Loomis sold all of his

COMPLAINT - 6

**LANDSMAN & FLEMING** LLP
1000 Second Avenue, Suite 3000
Seattle, Washington 98104
Telephone: (206) 624-7900    Facsimile: (206) 624-7903

interest in Gary Loomis Products, Inc., the company which owned GLI, pursuant to a written Agreement of Purchase and Sale of Stock (the "Purchase Agreement"). Gary Loomis Products, Inc., was sold for close to $9 million, of which Gary Loomis received the majority share. Two days later, as part of the Purchase Agreement, Gary Loomis entered into a separate, but related, Assignment of Rights of Publicity and Intellectual Property Agreement (the "Intellectual Property Agreement"). Pursuant to the Intellectual Property Agreement, Gary Loomis warranted to GLI that all intellectual property owned, created by or to which Gary Loomis had any rights had been disclosed to GLI and made subject to the Purchase Agreement.

27.　　Pursuant to another related agreement and until about May 2008, Gary Loomis continued to work for Plaintiff as an employee. Prior to leaving Plaintiff's employ, Gary Loomis began offering products using the mark Gary Loomis Spinnerbaits. Additionally, Plaintiff is informed and believes, and on that basis alleges, that Gary Loomis began working with Plaintiff's competitors to design and sell a line of fishing equipment and related products and using a variety of infringing marks, including, *inter alia*, the infringing trademark GARY LOOMIS.

28.　　On September 3, 2008, Plaintiff, through counsel, sent a letter to Gary Loomis respectfully asking that he stop using trademarks confusingly similar to Plaintiff's G. LOOMIS Mark. Through his counsel, Gary Loomis refused to discontinue using the marks. Plaintiff made additional attempts to resolve the matter without litigation, but they were unsuccessful. Therefore, Plaintiff filed a lawsuit against Gary Loomis and his related companies, for, *inter alia*, trademark infringement, false designation of origin, breach of fiduciary duty, and breach of contract (the "First Lawsuit").

## Settlement of the First Lawsuit

29.　　Approximately two months before Gary Loomis commenced his infringing conduct complained of herein, in September 2009, Plaintiff and Gary Loomis resolved the

COMPLAINT - 7

LANDSMAN & FLEMING LLP
1000 Second Avenue, Suite 3000
Seattle, Washington 98104
Telephone: (206) 624-7900  Facsimile: (206) 624-7903

prior trademark dispute and entered a Settlement Agreement. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit C. In the Settlement Agreement, Gary Loomis acknowledged the validity and enforceability of Plaintiff's G. LOOMIS mark. See Settlement Agreement at ¶ 2(a)(iii). He also agreed to certain restrictions on his use of his name "Gary Loomis," and Plaintiff agreed that certain uses of "Gary Loomis" were acceptable.

30.    Pursuant to the Settlement Agreement, Gary Loomis agreed that he would "permanently and forever cease and desist worldwide from . . . offering services or making, selling, using, offering for sale . . . any sporting equipment product or service, or any accessory related to sporting equipment product or service, . . . in connection with a mark, corporate name, trade name, domain name or an y other source indicia, the same as or confusingly similar to the G. Loomis Mark [or] the 'Loomis' trade name . . . ." Settlement Agreement at ¶ 2(a)(i).

31.    Gary Loomis also agreed that he would refrain from "forming any business entities or organizations to avoid the aforementioned restrictions . . . or assisting any third-parties in engaging in any conduct . . . that would violate the aforementioned restrictions." Settlement Agreement at ¶ 2(a)(ii).

32.    The Settlement Agreement did not prohibit Gary Loomis from using his personal name - "Gary Loomis" - "descriptively in text." Id. at ¶ 3(a). In doing so, however, Gary Loomis was required to "use the name 'Gary Loomis' in such a way that consumers of the goods/services marketed in any way in connection with Gary Loomis' personal name clearly recognize that such use is merely reflective or his personal name." Id. at ¶ 3(a). Gary Loomis was also expressly permitted to use the phrase "Designed by Gary Loomis" if used adjacent to a brand name and provided that he complied with certain other requirements. Id. at ¶ 3(b).

COMPLAINT - 8

LANDSMAN & FLEMING LLP
1000 Second Avenue, Suite 3000
Seattle, Washington 98104
Telephone: (206) 624-7900   Facsimile: (206) 624-7903

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

33.    The Settlement Agreement also allowed Gary Loomis to use his signature to the extent that such use was not prohibited by the express restrictions imposed in the Settlement Agreement. Id. at ¶ 3(d). Thus, Gary Loomis could not use his signature as a mark, a corporate name, or as a trade name used to offer for sale any sporting equipment product or service. Id. at ¶¶ 2(a)(i).

34.    Not only does Defendants' conduct complained of herein violate Plaintiff's rights in its G. LOOMIS Mark, it also constitutes a flagrant violation of the Settlement Agreement.

35.    As with Defendants' prior infringement, Plaintiff attempted to resolve this matter without resort to litigation. Again, however, Defendants' refused to cease their infringing behavior.

36.    Accordingly, Plaintiff brings this action to enforce its rights and to stop Defendants' infringing conduct.

### FIRST CLAIM FOR RELIEF
#### (Lanham Act - False Designation of Origin - 15 U.S.C. § 1125(a) as against all Defendants)

37.    Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 36, inclusive, as though set forth in full herein.

38.    By virtue of Plaintiff's long standing use of the G. LOOMIS Mark in connection with fishing equipment, and its extensive marketing, advertising, promotion and sale of goods under the mark, the G. LOOMIS Mark has acquired secondary meaning whereby the consuming public associates the mark with a single source of goods and/or services.

39.    Defendants intended to, and did, confuse and mislead the public, and did represent and create the false impression that Plaintiff somehow authorized, originated, sponsored, approved, licensed or participated in Defendants' use of the GARY LOOMIS Logo.

COMPLAINT - 9

LANDSMAN & FLEMING LLP
1000 Second Avenue, Suite 3000
Seattle, Washington 98104
Telephone: (206) 624-7900    Facsimile: (206) 624-7903

40.     As alleged above, Defendants have used and continue to use in commerce the GARY LOOMIS Logo.  The use and continued use in commerce by Defendants of the GARY LOOMIS Logo is likely to cause confusion or mistake, or to deceive as to the origin, sponsorship or approval of Defendants' goods, services, or commercial activities by Plaintiff.

41.     In fact, there is no connection or association or licensing relationship between Plaintiff, on the one hand, and Defendants, on the other hand.  Plaintiff has not authorized, licensed or given permission to Defendants to use the G. LOOMIS Mark in any manner whatsoever, including without limitation, the infringing use of the GARY LOOMIS Logo.

42.     Thus, Defendants have created and will create a false impression concerning an association between Plaintiff and Defendants, and have created and will continue to create a false designation of the origin of Defendants goods and/or services, and have created and will continue to create confusion as to a connection among the respective parties.

43.     As a direct and proximate result of Defendants' creation of a false impression of association between Plaintiff and Defendants, and Defendants' creation of a false designation of the origin of Defendants' goods and/or services, Plaintiff has been damaged and will continue to be damaged.  Pursuant to 15 U.S.C. §§ 1116(a), Plaintiff is entitled to an order enjoining Defendants from using the GARY LOOMIS Logo and from any other use of Plaintiff's G. LOOMIS Mark or any variation thereof.  Pursuant to 15 U.S.C. §1117(a), Plaintiff is entitled to an order requiring Defendants to account to Plaintiff for any and all profits derived from their actions; and pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an order awarding all damages sustained by Plaintiff caused by Defendants.

44.     Defendants' conduct alleged herein was intentional and without foundation in law.  Pursuant to 15 U.S.C. §1117(a), Plaintiff is entitled to an award of treble damages against Defendants.

45.     Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiff is entitled to an award of attorneys' fees and costs.

COMPLAINT - 10

LANDSMAN & FLEMING LLP
1000 Second Avenue, Suite 3000
Seattle, Washington 98104
Telephone: (206) 624-7900   Facsimile: (206) 624-7903

### SECOND CLAIM FOR RELIEF
(Lanham Act - Federal Trademark Infringement 15 U.S.C. § 1114
as against all Defendants)

46.    Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 45, inclusive, as though set forth in full herein.

47.    Plaintiff's G. LOOMIS Mark registered as United States Trademark No. 1,637,672 is inherently distinctive and/or has acquired secondary meaning designating Plaintiff as the source of all goods and/or services advertised, marketed, sold or used in connection with the mark.  The mark has been registered for over 15 years and has been continuously and exclusively used in commerce during that time.  Consequently, the foregoing federal registration for the G. LOOMIS Mark is incontestable.

48.    Plaintiff has not authorized, licensed or given permission to Defendants to use Plaintiff's mark registered as United States Trademark No. 1,637,672 in any manner whatsoever, including without limitation, the confusingly similar GARY LOOMIS Logo.

49.    Defendants' use of the GARY LOOMIS Logo is likely to cause confusion, mistake or to deceive as to source, origin, affiliation or sponsorship.

50.    Unless an injunction is issued enjoining any continuing or future infringing use by Defendants of Plaintiff's mark registered as United States Trademark No. 1,637,672, including use of the GARY LOOMIS Logo, such continuing or future use is likely to continue to cause confusion, mistake or to deceive as to source, origin, affiliation or sponsorship, and to thereby irreparably damage Plaintiff.

51.    As a direct and proximate result of Defendants' infringing use, Plaintiff has been damaged and will continue to be damaged.  Pursuant to 15 U.S.C. §§ 1116(a), Plaintiff is entitled to an order enjoining Defendants from using the GARY LOOMIS Logo and from any other use of Plaintiff's mark registered as United States Trademark No. 1,637,672.  Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an order requiring Defendants to account to Plaintiff for any and all profits derived by Defendants from their actions; and

COMPLAINT - 11

LANDSMAN & FLEMING LLP
1000 Second Avenue, Suite 3000
Seattle, Washington 98104
Telephone: (206) 624-7900  Facsimile: (206) 624-7903

pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an order awarding all damages sustained by Plaintiff by reason of the Defendants' infringing conduct.

52.    Defendants' conduct alleged herein was intentional and without foundation in law.    Pursuant to 15 U.S.C. §1117(a), Plaintiff is entitled to an award of treble damages against Defendants.

53.    Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiff is entitled to an award of attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
**(Breach of Written Contractas against all Defendants)**

54.    Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 53, inclusive, as though set forth in full herein.

55.    As alleged above, Plaintiff and Gary Loomis entered into the Settlement Agreement.    The Settlement Agreement binds and applies to Gary Loomis, as well as all persons "in active concert or participation with" him who have notice of the Settlement Agreement.    On information and belief, Gary Loomis founded and is an officer, director, or managing agent, of NFC.    Thus, NFC is in privity with Gary Loomis and acting "in active concert or participation" with Gary Loomis.    Gary Loomis is an officer, director, or managing agent of NFC and had knowledge of the Settlement Agreement, thus imparting knowledge of the Settlement Agreement and all restrictions imposed on Gary Loomis and those acting with him thereunder.    Accordingly, NFC is also bound by the Settlement Agreement.

56.    Plaintiff has performed all conditions, covenants and promises required to be performed on its part in accordance with the terms and conditions of the Settlement Agreement, except to the extent that Defendants' breach has prevented such performance.

57.    Defendants' breached the Settlement Agreement, without limitation, by reason of the following:

COMPLAINT - 12

LANDSMAN & FLEMING LLP
1000 Second Avenue, Suite 3000
Seattle, Washington 98104
Telephone: (206) 624-7900  Facsimile: (206) 624-7903

a.    In breach of paragraph 2(a)(i) of the Settlement Agreement, Defendants have been using the GARY LOOMIS Logo, which is confusingly similar to the G. LOOMIS Mark, in connection with offering sporting equipment services.

b.    In breach of paragraph 2(a)(ii) of the Settlement Agreement, Gary Loomis has assisted a third party, defendant NFC, to use the GARY LOOMIS Logo, in a manner that violates paragraph 2(a)(i) of the Settlement Agreement.

58.    As a result of Defendants' breach of the Settlement Agreement, Plaintiff has suffered damages in an amount greater than this Court's minimum jurisdiction, which amount will be determined at trial.

59.    The Settlement Agreement contains a prevailing party attorneys' fees and cost provision.  Plaintiff has engaged attorneys to pursue its rights as a result of Defendants' breach of the Settlement Agreement, and is entitled to recover from Defendants the attorneys' fees and cost incurred to that end.

### FOURTH CLAIM FOR RELIEF
#### (State Infringement of Trade Name - Washington Common Law as against all Defendants)

60.    Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 60, inclusive, as though set forth in full herein.

61.    In January 1982, Plaintiff filed articles of incorporation with the Washington State Secretary of State under the corporate name "G. Loomis, Inc." and Plaintiff has continuously used this corporate name since such filing.  Plaintiff's registered corporate name of "G. Loomis, Inc." constitutes a valid, protectable trade name under Washington common law.

62.    Defendants' acts constitute trade name infringement pursuant to Washington common law.  Those acts have caused and continue to cause a likelihood of confusion with Plaintiff's trade name.

COMPLAINT - 13

**LANDSMAN & FLEMING** LLP
1000 Second Avenue, Suite 3000
Seattle, Washington 98104
Telephone: (206) 624-7900  Facsimile: (206) 624-7903

63.    Pursuant to Washington common law, Plaintiff is entitled to an injunction prohibiting Defendants from continuing the practices described above.

64.    As a result of Defendants' actions, Plaintiff has been damaged in an amount according to proof at trial.

65.    The conduct of Defendants in infringing Plaintiff's trade name was willful, malicious, oppressive and fraudulent, and undertaken with deliberate disregard for Plaintiff's rights. Plaintiff is therefore entitled to an award of exemplary and punitive damages.

## FIFTH CLAIM FOR RELIEF
### (Violation of the Consumer Protection Act by Trade Name Infringement – RCW Ch. 19.86 as against all Defendants)

66.    Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 65, inclusive, as though set forth in full herein.

67.    Defendants' conduct in infringing Plaintiff's trade name constitutes an unfair or deceptive act or practice in trade or commerce that has a substantial risk of confusing or misleading the public under Washington's Consumer Protection Act.

68.    Plaintiff is damaged in its business by Defendants' trade name infringement in violation of Washington's Consumer Protection Act.

69.    Pursuant to RCW 19.86.090, Plaintiff is entitled to recover its damages, as well as treble damages of up to $25,000 and its attorneys' fees and costs, from Defendants.

## SIXTH CLAIM FOR RELIEF
### (Inducement of Trademark Infringement as against all Defendants)

70.    Plaintiff incorporates and realleges herein by this reference Paragraphs 1 through 68 inclusive, as though set forth in full herein.

71.    Defendants' activities offering licensing of the infringing GARY LOOMIS Logo are made for the purpose of inducing third parties to use the GARY LOOMIS Logo and infringe Plaintiff's trademark rights.

COMPLAINT - 14

**LANDSMAN & FLEMING** LLP
1000 Second Avenue, Suite 5000
Seattle, Washington 98104
Telephone: (206) 624-7900  Facsimile: (206) 624-7903

72.    As a result of Defendants' actions, Plaintiff has been and will be damaged in an amount according to proof at trial.

73.    The conduct of Defendants was willful, malicious, oppressive and fraudulent, and undertaken with deliberate disregard for Plaintiff's rights. Plaintiff is therefore entitled to an award of exemplary and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    For a temporary, preliminary and permanent injunction enjoining Defendants, and each of their agents, representatives, affiliates, partners and employees, and those persons in active concert or participation or privity with them, who receive actual notice of the injunction order by personal service, or otherwise from:

a.    Infringing Plaintiff's trademark rights in any way, including without limitation, manufacturing, distributing, promoting, fulfilling orders for, marketing, selling or advertising goods and/or services in connection with the GARY LOOMIS Logo, or any other mark or name confusingly similar to the G. LOOMIS Mark, including without limitation "Loomis" and "Gary Loomis";

b.    Using any false designation of origin, or any false or misleading description of fact, including the GARY LOOMIS Logo, or any other mark or name confusingly similar to the G. LOOMIS Mark, that can, or is likely to, lead the consuming public, or individual members thereof, to believe that any products produced, promoted, marketed, advertised, provided or sold by Defendants are in any manner associated or connected with Plaintiff, or are licensed, approved or authorized in any way by Plaintiff;

c.    Inducing any third parties to infringe Plaintiff's trademark rights in any way, including without limitation, by manufacturing, distributing, promoting, fulfilling orders for, marketing, selling or advertising goods and/or services in connection with the

COMPLAINT - 15

LANDSMAN & FLEMING LLP
1000 Second Avenue, Suite 3000
Seattle, Washington 98104
Telephone: (206) 624-7900   Facsimile: (206) 624-7903

GARY LOOMIS Logo, or any other mark or name confusingly similar to the G. LOOMIS Mark, including without limitation "Loomis" and "Gary Loomis";

2.    For an order directing Defendants to file with the Court and serve upon Plaintiff's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which Defendants have complied with the injunction.

3.    For an order requiring Defendants to immediately deliver to Plaintiff for safekeeping all products and promotional, marketing and advertising materials, including without limitation, advertisements, inventory lists, customer lists and brochures containing the GARY LOOMIS Logo, or any other mark confusingly similar to the G. LOOMIS Mark.

4.    For an order finding that, by the acts complained of herein, Defendants' have infringed the G. LOOMIS Mark.

5.    For an order finding that, by the acts complained of herein, Defendants have created a false designation of origin and/or a false impression of association, in violation of 15 U.S.C. § 1125(a).

6.    For an order finding that, by the acts complained of herein, Defendants have infringed Plaintiff's G. Loomis, Inc. trade name, in violation of Washington common law and the Washington Consumer Protection Act, RCW Ch. 19.86.

7.    For an order finding that, by the acts complained of herein, Defendants' have induced and facilitated third party's infringement of the G. LOOMIS Mark.

8.    For an order finding that, by the acts complained of herein, Defendants have breached the Settlement Agreement;

9.    For an order pursuant to 15 U.S.C. § 1117(a) compelling Defendants to account to Plaintiff for any and all profits derived by Defendants from their unlawful and infringing conduct.

10.    For an order awarding Plaintiff general and/or specific damages, in an amount to be fixed by the Court in accordance with proof, including enhanced and/or exemplary

COMPLAINT - 16

LANDSMAN & FLEMING LLP
1000 Second Avenue, Suite 3000
Seattle, Washington 98104
Telephone: (206) 624-7900  Facsimile: (206) 624-7903

damages, as appropriate, as well as all of Defendants' profits or gains of any kind from their acts of infringement, and false designation of origin; and further for an order that such acts were willful and wanton, thereby justifying an award, where appropriate, of treble or enhanced damages.

11.    For an order that this be deemed an exceptional case and that Plaintiff recover from Defendants all of Plaintiff's attorneys' fees, costs, disbursements and other expenses Plaintiff has incurred due to Defendants' illegal actions.

12.    For an order awarding Plaintiff pre-judgment interest.

13.    For an order awarding Plaintiff its attorneys' fees and cost as per contract.

14.    For an order awarding Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted this __21__ day of __April__, 2009.

DATED: December __21__, 2009.

LANDSMAN & FLEMING LLP

By: _____
R. Broh Landsman (WSBA #9321)
Attorneys for Plaintiff G. LOOMIS, INC.
1000 Second Avenue, Suite 3000
Seattle, WA 98104
Phone: (206) 624-7900
Fax: (206) 624-7903
broh@LF-law.com

COMPLAINT - 17

LANDSMAN & FLEMING LLP
1000 Second Avenue, Suite 3000
Seattle, Washington 98104
Telephone: (206) 624-7900   Facsimile: (206) 624-7903

1

2    DATED: December _____, 2009.    JEFFER, MANGELS, BUTLER & MARMARO
                                       LLP
3

4                                      By: **_PRO HAC VICE PENDING_**
                                       Neil C. Erickson (CA Bar #108352)
5                                      Attorneys for Plaintiff G. LOOMIS, INC.
                                       1900 Avenue of the Starts, 7th Floor
6                                      Los Angeles, CA   90067
                                       Phone:  (310) 203-8080
7                                      Fax:  (310) 203-0567
                                       nerickson@jmbm.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    COMPLAINT - 18

                                       **LANDSMAN & FLEMING LLP**
                                       1000 Second Avenue, Suite 3000
                                       Seattle, Washington 98104
                                       Telephone: (206) 624-7900   Facsimile: (206) 624-7903
25

Int. Cl.: 28

Prior U.S. Cls.: 22, 23, 38 and 50

Reg. No. 1,637,672

**United States Patent and Trademark Office**

Registered Mar. 12, 1991

Amended

OG Date Nov. 21, 2006

## TRADEMARK
## PRINCIPAL REGISTER

### G. LOOMIS

G. LOOMIS, INC. (WASHINGTON COR-
PORATION)
1359 DOWNRIVER DRIVE
WOODLAND, WA 98674

FOR: FISHING EQUIPMENT,
NAMELY FISHING RODS, ROD
BLANKS, FISHING REELS, FISHING
LINE, [ GOLF CLUBS AND GOLF CLUB
SHAFTS ], IN CLASS 28 (U.S. CLS. 22, 23,
38 AND 50).
FIRST USE 8-0-1982; IN COMMERCE
8-0-1982.
SER. NO. 74-038,502, FILED 3-14-1990.

SEC. 2(F).

*In testimony whereof I have hereunto set my hand*
*and caused the seal of The Patent and Trademark*
*Office to be affixed on Nov. 21, 2006.*

DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE

Exhibit A



Exhibit B

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into as of September 21, 2009 (the "Effective Date"), by and between:

1.    G. Loomis, Inc. ("GLI"), a Washington corporation with its principal place of business located at 1359 Downriver Drive, Woodland, Washington 98674, on the one hand; and on the other hand:

2.    Gary Loomis ("Gary Loomis"), an individual having his residence at 2612 N.E. 434th Street, Woodland, Washington 98674; and

3.    Gary Loomis Inc. ("Gary Loomis Inc."), a Washington State corporation having its principal place of business at 1760 Downriver Drive, Woodland, Washington 98674.

GLI, Gary Loomis and Gary Loomis, Inc. are, at times, individually referred to in this Agreement as a "Party" and collectively referred to in this Agreement as the "Parties." Gary Loomis and Gary Loomis, Inc. are, at times, collectively referred to as the "Gary Loomis Parties."

This Agreement is entered into with reference to the following recitals:

## RECITALS

A.    Gary Loomis is a well-known designer of products in the sport fishing industry.  Gary Loomis has been involved in the founding of a number of companies in the sports fishing industry, including GLI.

B.    GLI manufactures and sells high quality fishing rods, fishing equipment, other sporting related goods, travel luggage and clothing apparel in connection with its trademark "G. Loomis" (the "G. Loomis Mark") and trade name "Loomis".

C.    On or about May 28, 1997, Shimano American Corporation, Gary Loomis, Gary and Susan Loomis Charitable Remainder Unitrust, Swinging Bridge Partners L.P. and Strome-Susskind Hedgecap Fund, L.P. entered into an Agreement of Purchase and Sale of Stock of G. Loomis Products, Inc. (the "Stock Purchase Agreement"), pursuant to which, amongst other things, ownership of GLI was transferred to Shimano.  After the transfer of the ownership of GLI to Shimano, GLI continued to own all rights in the G. Loomis Mark.

D.    The Stock Purchase Agreement including amongst its exhibits an "Employment Agreement" between GLI and Gary Loomis ("Employment Agreement").  The Employment Agreement expired in accordance with its terms on or about May 29, 2000.  The term of the Employment Agreement was extended upon modified terms, and Gary Loomis remained in the employ of GLI. Gary Loomis ceased to be employed by GLI on or about April 28, 2008.

E.    The Stock Purchase Agreement included amongst its exhibits an Assignment of Rights of Publicity and Intellectual Property Agreement between GLI and Gary

5813271v4



Loomis (the "IP Agreement"). The IP Agreement provides that the term of use by GLI of the Transferred Rights (as defined therein) shall expire upon the later of May 27, 2002 (5 years after the Closing Date) or the expiration of the Employment Agreement.

F.       The Stock Purchase Agreement included amongst its exhibits an "Agreement and Covenant not to Compete or Solicit" between Shimano and Gary Loomis ("Non-Compete'- Agreement"). The Non-Compete Agreement expired in accordance with its terms on or about May 29, 2000.

G.       GLI is the owner of U.S. Reg. No. 1,637,672 for the trademark G. LOOMIS as described in the actual trademark registration.

H.       GLI is the owner of a triangular shaped design mark depicted in Exhibit A hereto (the "Triangle Design Mark").

I.       GLI is the owner of trademarks including the two consecutive letters "GL" (the "GL Marks") such as GL, GLX, GL2 and GL3 including U.S. Reg. 2,534,036 for the trademark GL3 as described in the actual trademark registration.

J.       A dispute has arisen between GLI and the Gary Loomis Parties as to alleged violations by the Gary Loomis Parties of GLI's trademark rights to the G. Loomis Mark in connection with the Gary Loomis Parties' alleged use of confusingly similar marks. These uses of marks alleged to be confusingly similar to the G. Loomis Mark include without limitation using the company name "Loomis Outdoors, Inc.;" using the marks "Gary Loomis Spinnerbaits," "Gary Loomis Lures," or other uses of "Gary Loomis" as a mark in connection with fishing related goods; and registering the websites "loomisfishing.com" and "loomisoutdoors.com."

K.       On or about October 30, 2008, GLI filed a complaint against Gary Loomis, Loomis/Borger and Loomis Outdoors in the United States District Court for the Central District of California, styled *G. Loomis, Inc. v. Gary Loomis et al.* Case No. 08-cv-7197 (CAS) (JTLx), alleging, *inter alia*, false designation of origin, federal trademark infringement, state trademark infringement, cyberpiracy, state infringement of trade name, misappropriation and breach of fiduciary duty. Subsequently GLI filed a First Amended Complaint adding Gary Loomis, Inc. and LBS as parties (the "Action").

L.       On April 21, 2009, this case was transferred to the Western District of Washington, where it is currently pending, and assigned Case No. CV 09-05236. Thereafter, GLI filed a Second Amended Complaint, *inter alia*, adding claims under Washington state law and addressing certain alleged defects identified by Gary Loomis and Gary Loomis, Inc.

M.       On or about January 5, 2009, Gary Loomis sent a cease and desist letter to GLI insisting that GLI cease infringement upon his alleged right of publicity and conveying a false impression of his endorsement of its products, including the use of any trademark that conveys an impression of affiliation with, origination from, or endorsement by Gary Loomis. In his Answer to the Second Amended Complaint, Gary Loomis filed a counterclaim alleging violation of his right of publicity, the Lanham Act, common law unfair competition, trademark infringement and violation of the Washington Consumer Protection Act.

5813271v4

N.      The Parties wish to settle all claims in the Action and any other causes of actions, claims or disputes asserted or which could have been asserted in the Action described above, whether known or unknown, without any admission of liability, as set forth in the terms of this Agreement.

NOW, THEREFORE, in consideration of the recitals and mutual undertakings contained herein, the Parties agree as follows:

## AGREEMENT

### 1.    Incorporation of Recitals and Definitions

The above recitals, definitions and exhibits are incorporated herein by reference.

### 2.    Agreements by the Gary Loomis Parties

a.      The Gary Loomis Parties, and each of them, and those persons in active concert or participation with any of them who receive actual notice of the following restrictions by personal service or otherwise, shall as of October 1, 2009, permanently and forever cease and desist worldwide from:

(i)      except as explicitly set forth in Section 3 below, offering services or making, selling, using, offering for sale, importing, exporting, advertising, marketing, displaying or distributing any sporting equipment product or service, or any accessory related to sporting equipment product or service, or soliciting an investment in or raising money for any entity involved in the business of making, selling, using, offering for sale, importing, exporting, advertising, marketing, displaying or distributing any sporting equipment product or service, or any accessory related to sporting equipment product or service, in connection with a mark, corporate name, trade name, domain name or any other source indicia, the same as or confusingly similar to the G. Loomis Mark, the "Loomis" trade name, the GL Marks and/or the Triangle Design Mark. Without limiting the foregoing the Gary Loomis Parties shall not take any action that infringes or dilutes GLI's rights to the G. Loomis Mark, the GL Marks and/or the Triangle Design Mark or contributes to or induces the infringement or dilution of GLI's rights to the G. Loomis Mark, the GL Marks and/or the Triangle Design Mark;

(ii)      forming any business entities or organizations to avoid the aforementioned restrictions of this Section 2, or assisting any third-parties in engaging in any conduct, including the formation of any business entities or organizations, that would violate the aforementioned restrictions; and

(iii)      contesting or challenging the validity or enforceability of the G.Loomis Mark, the "Loomis" trade name, the GL Marks or the Triangle Design Mark.

b.      By September 24, 2009, Gary Loomis shall initiate the transfer of ownership of all Internet Domain names incorporating the G. Loomis Mark or the GL Marks, or any marks confusingly similar thereto, including, without limitation, the Internet domain names loomisfishing.com, to GLI, free and clear of all liens and encumbrances, and shall cause Gary

3

5813271v4

Loomis, Inc. to be administratively dissolved. Gary Loomis shall by October 1, 2009, provide GLI with written proof satisfactory to GLI that the transfer has been initiated and the corporate names changed. Gary Loomis shall bear all costs associated with the domain name transfer and corporate name change.

          c.      By October 15, 2009, the Gary Loomis Parties shall provide GLI with a written list of all products that were sold in connection with any mark violative of Section 2(a)(i) above ("Conflicting Products") and the number of units thereof manufactured and distributed, and a list of the names of the persons or entities the Conflicting Products were sold to, a list of each Conflicting Product and the number of units thereof in inventory as of October 1, 2009, as well as a copy of all documents reflecting the foregoing in the possession, custody or control of any of the Gary Loomis Parties.

     **3.**      <u>Agreements by GLI</u>

          a.      Notwithstanding the prohibitions of Section 2(a) above, nothing in this Agreement shall prevent Gary Loomis from using (i) "GAL" as a trademark provided the letters have equal commercial impression and are in the same size, color and font; and (ii) "Gary Loomis" as his personal name descriptively in text. For example, nothing herein shall prevent Gary Loomis from descriptively stating that Gary Loomis was a founder of GLI and/or that Gary Loomis designs sporting equipment including fishing equipment. Whatever use of the name "Gary Loomis" is made by Gary Loomis, it (i) must not include the term "Loomis" alone or emphasized apart from the term "Gary", and (ii) must use the name "Gary Loomis" in such a way that consumers of the goods/services marketed in any way in connection with Gary Loomis' personal name clearly recognize that such use is merely reflective of his personal name and do not believe that the brand of such goods/services is associated in any way with GLI or that such goods/services are sponsored by, licensed by or approved by GLI.

          b.      Gary Loomis, his licensees, assigns and heirs may use the phrase "Designed by Gary Loomis" (the "Phrase").

               (i)      The Phrase may only be used adjacent to a manufacturer's name or brand (the "Brand").

               (ii)      The Phrase will be less prominent than the Brand

               (iii)      Each character of the Phrase will be in the same font and same font size.

               (iv)      Each character of the Phrase will be on the same background and in the same color.

               (v)      When the Phrase is physically placed on a product, either directly or by means of a hang tag, label, band or sticker:

                    (A)      the Phrase must appear immediately adjacent to the words "who is not affiliated with G.Loomis, Inc." (the "Disclaimer");

4

(B)     each character of the Phrase and Disclaimer will be in the same font and same font size;

(C)     each character of the Phrase and Disclaimer will be on the same background and in the same color;

(D)     the size of each character of the Phrase and Disclaimer will be no more than 60 percent of the largest character of the Brand; and

(E)     when the product is a rod, the Phrase and Disclaimer will appear on the side of the rod opposite the identification of the Brand.

c.     The Gary Loomis Parties will not apply for a federal or state trademark registration for the Phrase.

d.     Except as prohibited in Section 2 above, GLI hereby covenants and agrees that it shall assert no claim against Gary Loomis, or any of his licensees, assigns or heirs, to prevent the use of Gary Loomis' likeness, voice, signature or photograph, or otherwise take any action to prevent the exploitation of any other rights of publicity afforded Gary Loomis under the laws of any State, the United States, or any other country. GLI shall not challenge nor file any proceedings against the use or restriction by Gary Loomis, or any of his licensees, assigns or heirs, of the trademark "GAL", or the Phrase "designed by Gary Loomis", anywhere, provided such use is consistent with the restrictions in this Agreement. If necessary for the registration by Gary Loomis, or any other company or person properly claiming through him, of the mark "GAL", GLI shall sign the appropriate consents thereto.

e.     By October 1, 2009, GLI shall cease all use of Gary Loomis' name, persona and likeness in the marketing, promotion, advertisement, distribution and sale of goods.

f.     Nothing in this Agreement prohibits or limits Gary Loomis, his licensees, assigns or heirs from using the words "Gary Loomis" or "Loomis" in connection with golf products including without limitation, the use of the phrase, "Loomis Golf".

4.     **Dismissal.**

No later than five (5) business days following the Effective Date of this Agreement, the Parties shall file with the United States District Court for the Western District of Washington (the "Court") a Notice of Dismissal with Prejudice in the form attached hereto as Exhibit B, dismissing the Action with prejudice, each party to bear its own attorneys' fees and costs.

5.     **Releases**

a.     Except for the obligations created by this Agreement, GLI, on behalf of itself, its officers, directors, agents, employees, representatives, parents, insurers, assigns and successors, hereby fully and forever releases and discharges the Gary Loomis Parties, and each of them, and each of their officers, directors, agents, employees, heirs, representatives, parents, insurers, assigns and successors, from any and all claims, demands, liens, actions, suits, causes of action, obligations, controversies, debts, costs, attorneys' fees, expenses, damages, judgments,

5

orders, and liabilities of whatever kind or nature at law, in equity, or otherwise, whether known or unknown, suspected or unsuspected, which have existed or may have existed, or which do exist or which hereafter can, shall or may exist, based on any facts, acts, events, or omissions occurring from the beginning of time to the Effective Date, relating to the claims raised in the Action.

        b.      Except for the obligations created by this Agreement, the Gary Loomis Parties, and each of them, on behalf of themselves and each of their officers, directors, agents, employees, heirs, representatives, parents, insurers, assigns and successors, hereby fully and forever release and discharge GLI and each of its officers, directors, agents, employees, representatives, parents, insurers, assigns and successors, from any and all claims, demands, liens, actions, suits, causes of action, obligations, controversies, debts, costs, attorneys' fees, expenses, damages, judgments, orders, and liabilities of whatever kind or nature at law, in equity, or otherwise, whether now known or unknown, suspected or unsuspected, which have existed or may have existed, or which do exist or which hereafter can, shall or may exist, based on the facts, acts, events, and omissions occurring from the beginning of time to the Effective Date, relating to the claims raised in the Action or any counterclaims that have or could be brought by the Gary Loomis Parties or any of them.

    6.      <u>Waiver of Rights under California Civil Code Section 1542.</u>

      With regard to the general releases set forth herein, this Agreement is intended to cover and does cover all claims or possible claims of every nature and kind whatsoever, whether known or unknown, suspected or unsuspected, or hereafter discovered or ascertained, and all rights under Section 1542 of the Civil Code of California ("Section 1542") or any similar provision of the law of any other State (including without limitation the State of Washington) are hereby expressly waived, relating to the claims that have or could be raised by GLI in the Action or any counterclaims that have or could be brought by the Gary Loomis Parties or any of them. The Parties acknowledge that they are familiar with Section 1542, which reads as follows:

      **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

      The Parties expressly, knowingly and intentionally waive and relinquish any and all rights that they have under Section 1542, as well as under any other similar state or federal statute or common law principle relating to the claims that were raised or could be brought in the Action or any counterclaims that were raised or could be brought by the Gary Loomis Parties or any of them.

    7.      <u>Representations and Warranties.</u>

      The Parties are entering into this Agreement in reliance on the following representations and warranties, all of which the Parties acknowledge to be material:

        a.      Representations and Warranties of the Gary Loomis Parties:

6

(i)     This Agreement constitutes each of their legal, valid and binding obligations and is enforceable in accordance with its terms; and

(ii)     Other than the above mentioned uses of terms in Recital J above, the Gary Loomis Parties, or either of them, is not presently making, selling, using, offering for sale, importing, exporting, advertising, displaying or distributing any products or services that would violate the provisions of Section 2 above.

(iii)     The Gary Loomis Parties have no ownership or control over the domain name "www.loomisoutdoors.com".

b.     Representations and Warranties of GLI:

(i)     The execution, delivery and performance by GLI of its obligations under this Agreement are within its corporate power, have been duly authorized by all necessary corporate action, do not contravene any law or any contractual provision binding on it, and do not require any consent or approval of any person or governmental authority except such consents and approvals as have been obtained and are in full force and effect; and

(ii)     This Agreement constitutes GLI's legal, valid and binding obligation and is enforceable in accordance with its terms.

8.     **No Admission of Liability.**

Each Party acknowledges and agrees that this Agreement is a compromise of disputed claims and neither this Agreement, nor any consideration provided pursuant to this Agreement, shall be taken or construed to be an admission or concession by either GLI's or the Gary Loomis Parties of any kind with respect to any fact, liability, or fault.

9.     **Acknowledgments.**

Each Party acknowledges:

a.     It has received independent legal advice from counsel with respect to the advisability of entering into this Agreement and making the settlement provided for herein. Each Party has executed this Agreement with the consent and the advice of such independent counsel. Prior to the execution of this Agreement, each Party and its legal counsel has had adequate opportunity to make whatever investigation and inquiry they may deem necessary or desirable in connection with the subject matter of the Agreement;

b.     It enters into this Agreement and makes the settlement provided for herein of its own free will, without reservation, and acts under no force or duress or coercion of any kind or character in so doing;

c.     The individuals executing this Agreement are duly authorized representatives and each such individual has the requisite authority to enter into this Agreement on behalf of his or her principal;

7

5813271v4

d.    This Agreement has been carefully read by each Party, and all the terms used herein and their significance, both factual and legal, are known and understood by each Party;

e.    Each Party agrees to perform any further acts and execute and deliver any documents that may be reasonably necessary to carry out the provisions of this Agreement; and

f.    Each Party represents to the other that no claim released pursuant to Sections 5 and 6 above has been transferred to any other party.

10.    **Binding Agreement.**

This Agreement is binding upon, and shall inure to the benefit of, the Parties and each of their respective heirs, successors, assigns, directors, officers, employees, representatives, agents, shareholders, insurers, parents, subsidiaries and affiliates, and shall have worldwide effect.

11.    **Entire Agreement**

This Agreement contains the entire understanding between the Parties with respect to the subject matter contained herein, and supersedes any prior or contemporaneous written or oral agreements or representations concerning the within subject matter.

12.    **Specific Performance**

Should any Party materially default in any of its obligations under this Agreement, or should any of the representations and warranties made herein be materially false, the defaulting party acknowledges that the non-defaulting party may be irreparably damaged and that it would be extremely difficult and impractical to measure such damage. Accordingly, the defaulting party acknowledges that the non-defaulting party, in addition to any other available rights or remedies, shall be entitled to specific performance, injunctive relief and any other equitable remedy, all without posting any bond or other security, and the defaulting party waives the defense that a remedy at law or damages is adequate.

13.    **No Waiver**

No waiver of any of the provisions of this Agreement shall be deemed, or shall constitute, a waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the party making the waiver.

14.    **No Modification**

This Agreement may not be amended or modified at any time except by written instrument executed by authorized representatives of each Party.

8

S813271v4

15.    **Attorneys' Fees**

In any action or other proceeding between the Parties, or any of them, for relief arising out of this Agreement, or the breach thereof, the prevailing party shall be awarded, in addition to any other relief awarded or granted, its reasonable costs and expenses, including attorneys' fees, incurred in the proceeding.

16.    **Severability**

If any provision of this Agreement shall be found to be unlawful, void or unenforceable in whole or in part for any reason, such provision or such part thereof shall be deemed separate from and shall in no way affect the validity of the remainder of this Agreement. If such provision or part thereof shall be deemed unlawful, void or unenforceable due to its scope or breadth, such provision or part thereof shall be deemed valid to the extent of the scope or breadth permitted by law.

17.    **Jurisdiction and Venue**

This Agreement will be governed by and interpreted in accordance with Washington law without regard to conflicts of law principles. If for any reason any controversy, claim, or dispute arising out of or relating to this Agreement or the breach of any of its terms is to be resolved in a court of law, the parties irrevocably submit to the jurisdiction of any state or federal court located within Washington state and closest to Clark County, Washington, and waive any objection to jurisdiction and venue in any such court, and waive any claim that the forum is an inconvenient forum. This provision does not restrict the breadth, scope or enforceability of this Agreement.

18.    **Counterparts**

This Agreement may be executed in counterparts and via facsimile signatures, and each counterpart shall be deemed to be an original, and all of which together shall be deemed to be one and the same instrument.

G. LOOMIS, INC.

By: _____

Name: James D Gibson

Title: Executive Director

GARY A. LOOMIS

By: _____

Gary A. Loomis

GARY LOOMIS INC.

By: _____ Gary A. Loomis

9

5813271v4